# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| UNION BANK, N.A., successor in interest to the FDIC as Receiver of Frontier Bank, | No. 46565-5-II |
| Respondent, | |
| v. | |
| VANDERHOEK ASSOCIATES, LLC, a Washington limited liability company; MINNE VANDERHOEK and TRUDY VANDERHOEK, husband and wife, and the marital community composed thereof; and RICHARD T. BRUNAUGH and AMANDA B. BRUNAUGH, husband and wife, and the marital community composed thereof, | PUBLISHED OPINION |
| Defendants, | |
| and | |
| DONALD C. LINKEM and ELIZABETH A. LINKEM, husband and wife, and the marital community composed thereof; PAUL E. WILSON and KELLY I. WILSON, husband and wife, and the marital community composed thereof; PACIFIC RESOURCE DEVELOPMENT, INC., a Washington corporation; DAVID A. PARKER and VELMA L. PARKER, husband and wife, and the marital community composed thereof; PACIFIC BAY, INC., a Washington corporation; PERSONS IN POSSESSION OR CLAIMING A RIGHT TO POSSESSION; ALL OTHER PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE ESTATE, LIEN, OR INTEREST IN THE REAL ESTATE DESCRIBED IN THE COMPLAINT HEREIN; and JOHN DOES I-X, | |
| Appellants. | |

MELNICK, J. — This case arises out of a deficiency action following a trustee sale of real property. The borrower and guarantor defendants appeal the trial court's order vacating its earlier summary judgment order in their favor. We hold that the trial court had tenable bases for concluding an irregularity in obtaining the judgment existed and that a new case creating a divisional split within the Court of Appeals constituted extraordinary circumstances extraneous to the proceeding justifying relief from the judgment. Because the trial court did not abuse its discretion in vacating its earlier summary judgment order, we affirm.

FACTS

In November 2008, Vanderhoek Associates, LLC borrowed $1.93 million from Frontier Bank, evidenced by a promissory note (Vanderhoek Note). Vanderhoek Associates granted Frontier Bank a deed of trust over certain real property to secure the note. Numerous parties guaranteed the loan, including Minne Vanderhoek, Trudy Vanderhoek, Amanda Brunaugh, Richard Brunaugh, Kelly Wilson, Paul Wilson, Elizabeth Linkem, Donald Linkem, Pacific Resource Development, Inc., David Parker, and Velma Parker (collectively, the Vanderhoek Guarantors).

In March 2009, Pacific Bay, Inc. renewed a promissory note by executing a change in terms agreement regarding a $600,000 loan from Frontier Bank (Pacific Bay Note).[1] To secure the Pacific Bay Note, Vanderhoek Associates granted Frontier Bank a second-position deed of trust over the same real property used to secure the Vanderhoek Note. With the exception of Minne

---

[1] Pacific Bay, Inc. borrowed $300,000 from Frontier Bank in August 2005 and executed a promissory note. It then renewed the loan, executed a promissory note, and borrowed an additional $300,000, in January 2006. The promissory note, totaling $600,000, was renewed annually through March 2009.

and Trudy Vanderhoek,[2] the same parties that guaranteed the Vanderhoek Associates loan, along with Pacific Bay, Inc., guaranteed the Pacific Bay loan (collectively, the Pacific Bay Guarantors).

On or about April 30, 2010, Union Bank became the successor in interest to the Federal Deposit Insurance Corporation (FDIC) as receiver of Frontier Bank and, in this capacity, acquired the loan documents and the entirety of the loan files for the Vanderhoek Note and Pacific Bay Note.

The respective borrowers and guarantors defaulted on the Vanderhoek and Pacific Bay Notes, which matured on May 30, 2009, and March 16, 2010. Following the defaults, Union Bank sued Vanderhoek Associates, Pacific Bay, Inc., and all of the guarantors of the notes. The trial court appointed a receiver over the real property secured by the notes. The trial court approved the receiver's sale of the property, which yielded approximately $1.1 million. Union Bank claimed that after it applied the sale proceeds and paid the receiver's costs, costs of sale, and other expenses, there were significant deficiencies on both notes. Union Bank filed suit to recover these deficiencies.

Union Bank moved for summary judgment, seeking judgments declaring that the guarantor defendants were jointly and severally liable, the guarantor defendant's received sufficient due process and opportunity to object to the receiver's sale, and the deficiency amount. On August 9, 2013, the trial court granted partial summary judgment against the guarantor defendants on the issue of liability.

---

[2] The Vanderhoeks did not guarantee the Pacific Bay loan.

On December 3, 2013, we issued our decision in *First-Citizens Bank & Trust Co. v. Cornerstone Homes and Development, LLC*, 178 Wn. App. 207, 314 P.3d 420 (2013). We held that Washington's deeds of trust act (DTA)[3] prohibits a lender from obtaining a deficiency judgment against a guarantor of commercial loans whose guaranty was secured by a nonjudicially foreclosed deed of trust, notwithstanding that the nonjudicially foreclosed deed of trust was granted by the borrower and secured the borrower's promissory note. *Cornerstone*, 178 Wn. App. at 218.

Based on *Cornerstone*, Minne and Trudy Vanderhoek moved to revise the August 9 order granting partial summary judgment in favor of Union Bank and moved for summary judgment dismissing Union Bank's claims against them. They argued that they should be entitled to assert a defense to liability on their guaranty. The other guarantor defendants and borrower Pacific Bay, Inc.[4] moved to join the Vanderhoeks' motion. Borrower Vanderhoek Associates did not join either motion.

On January 31, 2014, the trial court granted Minne and Trudy Vanderhoek's motion to revise the trial court's earlier order—granting partial summary judgment in favor of Union Bank, and granted summary judgment in favor of the Vanderhoeks and all of the "remaining defendants," which would include both borrowers. Clerk's Papers (CP) at 431. The trial court's order also

---

[3] Ch. 61.24 RCW.

[4] The basis for Pacific Bay, Inc.'s involvement in the motion is not clear: as a borrower, it was not aggrieved by the trial court's earlier grant of partial summary judgment against the guarantor defendants, and *Cornerstone* did not address the liability of borrowers. Pacific Bay, Inc. seems to have been lumped in with the rest of the guarantor defendants merely because it was represented by the same attorney as the guarantor defendants.

included a provision dismissing Union Bank's remaining claims against Minne and Trudy Vanderhoek, as well as the other defendants.

Eighteen days later, Division One of this court issued its decision in *Washington Federal v. Gentry*, 179 Wn. App. 470, 319 P.3d 823 (2014), *aff'd sub nom. Washington Federal v. Harvey*, 182 Wn.2d 335, 340 P.3d 846 (2015). Division One expressly disagreed with *Cornerstone*, 178 Wn. App. 207, and concluded that the provision of the DTA that we relied on did not prohibit deficiency judgments against the guarantors. *Gentry*, 179 Wn. App. at 486, 489.

During a hearing on Minne and Trudy Vanderhoek's motion for attorney fees and costs, the trial court mentioned *Gentry* and indicated its willingness to reverse its January 31 order and judgment. Union Bank filed a notice of appeal from the trial court's January 31 judgment. Then, Union Bank filed a motion to vacate the trial court's January 31 summary judgment order. Union Bank argued that the January 31 judgment should be vacated under CR 60(b)(11) because Division One's decision in *Gentry*, effected a substantial change in the law. It also argued that CR 60(b)(1) and (5) provided an independent basis for vacating the January 31 judgment because procedural irregularities resulted in dismissal of claims against the borrowers, Vanderhoek Associates and Pacific Bay, Inc. The trial court granted Union Bank's motion to vacate subject to this court's approval pursuant to RAP 7.2(e). On October 7, we granted the trial court permission to formally enter its order vacating the January 31 summary judgment order. The trial court did so 10 days later.

5

Pacific Bay, Inc. and a group of guarantor defendants (appellants) appeal the trial court's order vacating its January 31 summary judgment order.[5]

ANALYSIS

I.    STANDARD OF REVIEW

Generally, we review a trial court's order to grant or deny a motion to vacate under CR 60(b) for an abuse of discretion. *Estate of Treadwell v. Wright*, 115 Wn. App. 238, 249, 61 P.3d 1214 (2003). A trial court abuses its discretion if its decision is based on untenable grounds or is for untenable reasons. *Treadwell*, 115 Wn. App. at 249.

II.    MOTION TO VACATE – CR 60(b)

CR 60(b) authorizes a trial court to relieve a party from judgment in specified circumstances. These circumstances do not include a trial court committing an error of law. *Shum v. Dep't of Labor & Indus.*, 63 Wn. App. 405, 408, 819 P.2d 399 (1991). Errors of law may not be corrected by a CR 60 motion; rather, they must be raised on appeal. *Shum*, 63 Wn. App. at 408.

---

[5]    In February 2015, counsel for Minne and Trudy Vanderhoek gave notice that they were no longer parties to the appeal because they settled all outstanding claims and they were dismissed from the action. Appellants' brief states that it is submitted on behalf of the Linkems, Brunaughs, Wilsons, Pacific Resource Development, Inc., Parkers, and borrower, Pacific Bay, Inc. The amended notice of appeal was filed on behalf of the Linkems, Wilsons, Pacific Resource Development Inc., Parkers, and Pacific Bay Inc. The language in the caption on the amended notice of appeal includes, "persons in possession or claiming a right to possession; all other persons or parties unknown claiming any right, title estate, lien, or interest in the real estate described in the complaint herein; and John Does I-X." CP at 689.

Although there is some confusion, based on our review of the record, Vanderhoek Associates is not a party to this appeal. Additionally, the Brunaughs do not appear to be party to the notice of appeal from the trial court's order granting the motion to vacate. Therefore, Richard and Amanda Brunaugh are also not parties to this appeal. They remain parties to Union Bank's original appeal (case no. 46628-1-II) from the January 31 summary judgment order. That case is stayed pending the outcome of this appeal. Because we affirm the order vacating the summary judgment order, all parties, except Minne and Trudy Vanderhoek, are returned to the lawsuit.

The trial court granted the motion to vacate based on CR 60(b)(1), (5), and (11).[6] The trial court concluded that an irregularity in obtaining the judgment existed and that the judgment was "void as in terms of Vanderhoek Associates." Report of Proceedings (RP) (July 3, 2014) at 28. Further, the trial court concluded that the judgment should be vacated because the law changed when Division One issued *Gentry*, 179 Wn. App. 470, a mere 18 days after the trial court granted summary judgment.

Appellants argue that the trial court erred by granting Union Bank's CR 60 motion to vacate the January 31 summary judgment order because no irregularities existed and because *Gentry* does not provide a basis to vacate the judgment. We disagree.

A.      CR 60(b)(1)—The Borrower

Appellants argue that the trial court erred by vacating its judgment on the basis of CR 60(b)(1) because there was no irregularity of process or extraordinary circumstances surrounding the entry of the judgment. As it relates to Pacific Bay, Inc., the borrower that is a party to this appeal, we disagree.

CR 60(b)(1) provides that the trial court may relieve a party from a final judgment for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order."

The asserted irregularity here is that the trial court erroneously dismissed the borrowers, Vanderhoek Associates and Pacific Bay, Inc., even though Vanderhoek Associates never requested this relief, and none of the briefing, argument, or case law presented to the trial court related to the

---

[6] Appellants do not argue that the trial court erred in vacating the judgment on the basis of CR 60(b)(5) in their brief. Therefore, we do not address it. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

liability of the borrowers. The error resulted from an interlineation in the order, written by one of the lawyers, stating that the court dismissed the "remaining defendants." CP at 431.

Appellants cite *Shum*, 63 Wn. App. at 408, for the proposition that "only extraordinary circumstances which relate to irregularities which are extraneous to action of court or go to question of regularity of its proceedings are a basis for vacating an order under [CR] 60(b)." Appellants' Br. at 8. Appellants' interpretation of *Shum* is overly broad. The limitation discussed in *Shum* applies to CR 60(b)(11), which is a catchall provision intended to serve the ends of justice in extraordinary circumstances that are not covered by other sections of CR 60(b). 63 Wn. App. at 408; *In re Detention of Ward*, 125 Wn. App. 374, 379, 104 P.3d 751 (2005).

Appellants also contend that the trial court's order dismissing all remaining defendants was not an irregularity because the trial court fully contemplated it at the time of its entry. Appellants contend that the trial court "later decided" it did not intend to dismiss Vanderhoek Associates. Appellants' Br. at 8. The record does not support this contention. The trial court expressly stated that its "intent *on January 31* was to dismiss, based on [*Cornerstone*], the individual guarantors. It was not to dismiss a borrower." RP (July 3, 2014) at 11-12 (emphasis added).

The trial court did not abuse its discretion in vacating its January 31 judgment in which it inadvertently dismissed the borrowers, parties whose dismissal was not the subject of briefing or argument. However, this irregularity is not a basis to vacate the summary judgment order against the guarantor defendants. We address the guarantors below.

B.      CR 60(b)(11)—The Guarantors

CR 60(b)(11) provides that the court may relieve a party from a final judgment for "[a]ny other reason justifying relief from the operation of the judgment." "To vacate a judgment under CR 60(b)(11), the case must involve 'extraordinary circumstances,' which constitute irregularities

extraneous to the proceeding." *Ward*, 125 Wn. App. at 379 (quoting *In re Marriage of Knies*, 96 Wn. App. 243, 248, 979 P.2d 482 (1999)). A change in the law may constitute such extraordinary circumstances. *Treadwell*, 115 Wn. App. at 249-50; *Ward*, 125 Wn. App. at 380; *In re Marriage of Irwin*, 64 Wn. App. 38, 64, 822 P.2d 797 (1992).

In *Treadwell*, a professional malpractice case, the trial court granted summary judgment to an attorney hired by an incapacitated ward's guardian. 115 Wn. App. at 242-43. The attorney had been hired to establish a guardianship. *Treadwell*, 115 Wn. App. at 241. The trial court found the attorney had no duty to the ward because the ward was not the client. *Treadwell*, 115 Wn. App. at 242-43. Approximately two months after the trial court ruled, Division Three issued *In re Guardianship of Karan*, 110 Wn. App. 76, 79, 38 P.3d 396 (2002), holding that the attorney of a guardian does owe a duty to the ward under some circumstances. The ward's estate then moved to vacate the summary judgment order under CR 60(b)(11) and the trial court denied the motion. *Treadwell*, 115 Wn. App. at 243. By reversing and remanding for trial, the court in *Treadwell* held that the trial court abused its discretion in denying the motion to vacate based on a change in the law, *i.e. Karan* issued from the Court of Appeals.

In *In re Marriage of Flannagan*, 42 Wn. App. 214, 224-25, 709 P.2d 1247 (1985), we held that extraordinary grounds existed under CR 60(b)(11) for reopening a divorce decree that became final after a United States Supreme Court case forbade state courts from distributing military retirement pay as community property, but before Congress enacted a federal statute granting trial courts discretion to do so.

Here, the trial court concluded that Division One's decision in *Gentry*, issued a mere 18 days after its summary judgment order, constituted a change in law that justified relief from the

judgment. Appellants contend that Division One's decision in *Gentry* does not provide a tenable basis to vacate the judgment. We disagree.

First, Appellants argue that Division One's *Gentry* decision is not a basis for vacating the judgment because of res judicata and principles of finality. Appellants cite four cases discussing these principles, but none of the cases addresses a CR 60 motion.[7] This distinction is significant because the importance of finality is protected by CR 60(b)'s list of limited circumstances for which a judgment may be vacated.

> The finality of judgments is an important value of the legal system. However . . . circumstances arise where finality must give way to the even more important value that justice be done between the parties. CR 60 is the mechanism to guide the balancing between finality and fairness.

*Suburban Janitorial Servs. v. Clarke Am.*, 72 Wn. App. 302, 313, 863 P.2d 1377 (1993). Other than pointing to the four inapposite cases, Appellants do not explain why the trial court's decision to prioritize correctness over finality was an abuse of discretion in this case.

Rather, the timing and attendant circumstances of *Gentry* constituted extraordinary circumstances allowing the trial court to vacate its judgment. Shortly after *Gentry*, the parties and trial court discussed its potential effect on this case. All discussion occurred within the period of time the parties had to file an appeal. Therefore, the importance of finality is less compelling here. Furthermore, Appellants could not have reasonably relied on the judgment because, prior to the appeal deadline passing, the trial court stated that it was prepared to reverse its decision based on *Gentry*.

---

[7] *See* Appellants' Br. at 8 (citing *Columbia Rentals, Inc. v. State*, 89 Wn.2d 819, 823, 576 P.2d 62 (1978); *Lynn v. Dep't of Labor & Indust.*, 130 Wn. App. 829, 836, 125 P.3d 202 (2005); *State v. Atsbeha*, 142 Wn.2d 904, 917, 16 P.3d 626 (2001); and *Martin v. Martin*, 20 Wn. App. 686, 690, 581 P.2d 1085 (1978)).

Second, Appellants seem to argue that vacating a judgment based on a change in controlling law is limited to the circumstances in *Flannagan*, 42 Wn. App. 214, *i.e.*, a legislative enactment that specifically affects a trial court's decisions retroactively. Appellants provide no support for this argument and our decision in *Treadwell* contradicts the contention. 115 Wn. App. at 251.

Third, Appellants argue that a trial court cannot vacate a judgment based on an error of law. They are correct on this point. Errors of law cannot form the basis for a successful CR 60 motion; they must be raised on appeal. *Shum*, 63 Wn. App. at 408. Here, however, a new pronouncement on the law constituted the trial court's basis for vacating the judgment. A conflict arose in the law between *Cornerstone* and *Gentry*, decisions from two different divisions of the Court of Appeals. It must be remembered that Washington has one Court of Appeals with three divisions. RCW 2.06.010; RCW 2.06.020; WASH. CONST., art. 4, § 30. Whether conflicting decisions from two divisions of the Court of Appeals constitute a change in controlling law is an issue of first impression for our appellate courts. We hold that to the extent a conflict between the divisions emerges, there is a change in the law, but not because one division's opinions are superior to another's. The three divisions of the Court of Appeals of the State of Washington are co-equal and part of one court.

It is without question that the trial court was required to follow *Cornerstone* when it existed as the only appellate court decision on point. But once Division One issued *Gentry*, which expressly disagreed with our decision in *Cornerstone*, the trial court faced a quandary. The appellate courts have given trial courts no guidance in how to proceed in the face of a divisional split. *See* Mark DeForrest, *In the Groove or in A Rut? Resolving Conflicts Between the Divisions of the Washington State Court of Appeals at the Trial Court Level*, 48 GONZ. L. REV. 455, 491-511

(2013) (discussing possible resolutions to the dilemma faced by trial court judges). One approach would be to mandate a trial court to follow the division in which it geographically sits. Another approach would be to allow the trial courts to independently evaluate the conflicting precedent and conclude how our Supreme Court would resolve the conflict. Professor DeForrest favors the latter approach, as do we. DeForrest, 48 GONZ. L. REV. at 491-513. Here, the trial court appears to have followed this approach and it correctly anticipated that Division One's resolution of *Gentry* would be favored by our Supreme Court.[8] Given the dearth of guidance on this topic, the trial court's decision to vacate its January 31 judgment based on its own evaluation of the divisional split caused by *Gentry* was tenable.

Accordingly, we hold that the trial court did not abuse its discretion in vacating its January 31 summary judgment order and affirm.

Melnick, J.

We concur:

Worswick, J.

Johanson, C.J.

---

[8] The Supreme Court affirmed the *Gentry* decision and held that a deficiency judgment could be brought against guarantors. *Harvey*, 182 Wn.2d at 341.