# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Estate of | No.  49410-8-II |
| DARLENE B. SNIDER, | |
| Deceased. | UNPUBLISHED OPINION |

WORSWICK, J. — Kenneth and Dennis Crogg appeal the superior court's order denying their motion for relief under CR 60(b)(11).  The Croggs argue that the superior court erred as a matter of law under RCW 11.96A.220 by not enforcing a settlement agreement they entered into regarding the distribution of their mother's estate as written, and that the superior court abused its discretion by authorizing an additional property appraisal.  Snider's husband Bradley Milligan argues that the Croggs did not properly provide an adequate record for review and improperly made arguments that cannot now be appealed.  We affirm the superior court order denying the Croggs' motion for relief, and we award attorney fees to Milligan.

## FACTS

In 2014, Darlene Snider died intestate and was survived by her husband Bradley Milligan, her adult sons, Kenneth and Dennis Crogg, and one daughter.[1]  A dispute arose

---

[1] Snider's daughter is not a party to this action.

between Milligan and the Croggs regarding the distribution of various assets of Snider's estate. The dispute here involves the distribution of a vacant lot adjacent to Snider's residential home that she shared with Milligan prior to her death.

In February 2015, the estate's administrator hired a property appraiser, Kirstin Moe, to complete a land appraisal report for the disputed lot. Moe completed the report appraising the lot at $150,000.

Milligan then filed a petition under the Washington's Trust and Estate Dispute Resolution Act (TEDRA)[2] claiming an equitable lien against the marital home and seeking a determination of property interest. The Croggs objected to Milligan's claims, and the parties agreed to mediate the dispute.

Following mediation, the parties entered into a Non-Judicial Binding Settlement Agreement pursuant to TEDRA. The relevant portion of the agreement provided:

> Right to Purchase Property: [Milligan] shall have the first option to purchase [the lot] based upon a current appraised value to be obtained by [the Croggs] within 60 days of this agreement. [Milligan] shall have 30 days from the date of delivery of the appraisal to finalize & complete the purchase of the property.

Clerk's Papers (CP) at 3. The agreement further stated that matters of the agreement were to be resolved under the procedures authorized in RCW 11.96A.220[3] and that attorney fees were available to a prevailing party for claims brought to enforce the agreement.

---

[2] TEDRA, chapter 11.96A RCW, among other things, provides for the resolution of disputes involving estates.

[3] Under RCW 11.96A.220, if all parties agree to a resolution to a matter related to a trust or an estate, the matter can be settled by a written agreement signed by all parties, and that agreement is then binding and conclusive on all persons interested in the estate or trust.

In 2016, after finalizing the agreement, the Croggs hired a property appraiser, Jeffrey Yohe, to complete a land appraisal report for the disputed lot. Yohe completed the report, appraising the lot at $460,000.

Eighteen days after receiving the appraisal, Milligan filed a motion to "compel compliance" with the settlement agreement in Clark County Superior Court. Suppl. CP at 48. Milligan argued that the Croggs breached their duty of good faith because Yohe appraised the property at three times the amount of the 2015 appraisal. Milligan argued that in conducting the appraisal, Yohe improperly compared the property to other lots that had a view of the Columbia River and that Yohe failed take into account the lack of views, access to utilities, easements, and other factors impacting the lot's value. Milligan also claimed the Croggs had a direct financial interest in a high appraisal of the lot. Milligan requested that the court order another appraisal and that a neutral appraiser be selected to ensure fairness of a purchase price. Milligan also requested that he be given 30 days from the date of the new appraisal to decide if he wanted to purchase the property.

Along with his motion, Milligan filed a supplemental addendum authored by Kirstin Moe regarding her 2015 appraisal of the lot. In the addendum, Moe stated that the shape of the lot was irregular and that the southern portion of the property was unusable. Moe also explained that water and sewer utility lines did not service the property and would have to be extended 165 feet to reach the property's edge. Moe stated the property was mostly covered in trees and the property did not have a river view. Moe also stated that she compared the lot to four nearby properties and determined the property to be worth $150,000.

On April 22, 2016, after a hearing on the motion, the superior court entered an order granting Milligan's motion to compel compliance.[4] The court ordered the administrator of the estate to arrange another appraisal of the property with a certified appraiser. The court also ordered that Milligan could exercise his option to purchase the property within 30 days from the date of receiving the new appraisal and that if Milligan did not purchase the property, the property would be distributed to the Croggs per the terms of the settlement agreement.

In June 2016, two months after the court entered its order enforcing compliance, the Croggs filed a motion for relief requesting the court vacate its April 2016 order under CR 60(b) and 60(c)[5]. The Croggs also requested the court to enforce the settlement agreement by awarding the Croggs the disputed lot because Milligan failed to exercise his option to purchase within 30 days after receiving Yohe's appraisal.

Specifically, the Croggs argued that there was nothing in the settlement agreement which allowed any party to dispute Yohe's appraisal. The Croggs argued that because they had provided Milligan with the Yohe appraisal, they had "judiciously performed" the requirements of the settlement agreement. CP at 35. The Croggs also sought attorney fees under RCW

---

[4] The record provided to this court does not contain an opposition filed by the Croggs against Milligan's motion to compel compliance. No transcript of the hearing was provided to this court on appeal. The Croggs state in their motion for relief and in their appellate brief that they were not represented by counsel at the time Milligan moved for compliance.

[5] Although the Croggs' motion cited "CR 60(b) and 60(c)" as legal basis for their motion, they argued that they were entitled to relief under only CR 60(b)(11). CP at 40. The Croggs did not argue the application of CR 60(c) in their supporting memorandum to the trial court, nor do they argue CR 60(c) in their appellate briefs.

11.96A.150, claiming that Milligan breached his fiduciary duties by bringing a motion to compel.

In support of their motion, the Croggs submitted a declaration from Jeffrey Yohe. Yohe stated that upon being notified of the prior appraisal conducted by Moe, he visited the site and reviewed his appraisal. Yohe stated that he could find no errors or any reason to revise his earlier appraisal.

On August 5, 2016, after hearing argument on the matter, the superior court entered an order denying the Croggs' motion for relief under CR 60(b). The superior court ordered:

2. The Court denies Petitioner's Motion to vacate the Court's Order entered on April 22, 2016 pursuant to CR 60(b) and (c). The Court's prior Order is confirmed.
3. The Court finds that the Non Judicial Binding Settlement Agreement requires the Croggs to "attain an appraisal." The Court finds that the appraisal obtained after the agreement was entered ". . . is so far out of the ball park that it is not reliable." The Court confirms its prior ruling that the only solution is to get a neutral third appraisal because otherwise the term 'appraisal' is a meaningless term in the agreement.
4. The Court finds no evidence that the Croggs perpetuated any fraud in obtaining the appraisal, but finds that Mr. Yohe's logic in support of the $460,000.00 appraisal is not persuasive based on the Court's review of Ms. Moe's $150,000.00 appraisal.

CP at 43.

The Croggs appeal the superior court's order denying their CR 60(b) motion.

ANALYSIS

I. ADEQUACY OF RECORD

As a preliminary matter, we address Milligan's argument that the record on appeal is inadequate for review. Citing RAP 9.2(b), Milligan asserts that because the Croggs failed to

designate the transcript of the CR 60 motion hearing, they have failed to provide us with an adequate record of proceedings to review the issues. He argues that we should dismiss the Croggs' appeal on this basis. We hold that the record is adequate for review.

A party seeking review has the burden to perfect the record so that all relevant evidence is before us. *See* RAP 9.2; *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012). An insufficient appellate record precludes review of the alleged errors. *Stiles*, 168 Wn. App. at 259.

Although the Croggs did not designate any verbatim transcripts from any motion hearing, the record on appeal contains the settlement agreement, land appraisal reports, the parties' motions, and the other documents reviewed by the superior court. The record also contains the court's order denying the Croggs' motion for relief. We hold that the record is minimally sufficient for review.

## II. SCOPE OF APPEAL

As second preliminary matter, we address which of the superior court's orders are properly on appeal. Milligan correctly states that the Croggs' notice of appeal designates only the August 5 order as the decision on review, but that the Croggs' briefs appear to argue only the propriety of the April 22 order. The Croggs argue that because the superior court "reaffirm[ed]" the April 22 order within the August 5 order that the contents of both orders are on appeal. Reply Br. of Appellant at 4. We agree with Milligan that the only decision on review is the August 5 order denying the Croggs' motion for CR 60(b) relief.

RAP 5.2(a) requires filing a notice of appeal within 30 days after the trial court enters its decision. Additionally, RAP 5.3(a) requires the notice of appeal to designate the decision to be

6

reviewed. When a party seeks review of a trial court's denial of a CR 60(b) motion, our review is limited to the propriety of the denial and not the impropriety of the underlying judgment. *Barr v. MacGugan*, *119* Wn. App. 43, 48 n.2, 78 P.3d 660 (2003).

Here, the Croggs sought a motion for relief under CR 60(b) two months after entry of the April 22 order. The superior court denied CR 60(b) relief in the August 5 order. The Croggs then appealed only the court's August 5 order. Consequently, we review only the propriety of the August 5 order denying the CR 60(b) motion.

Both parties address the propriety of the April 22 order in their briefs. The Croggs argue that under RCW 11.96A.220, the superior court erred as a matter of law by not enforcing the settlement agreement as written. The Croggs also assert that the superior court abused its discretion by authorizing an additional appraisal. Milligan argues that because the superior court's decision to order an additional appraisal was reasonable, the superior court did not abuse its discretion.[6] Because we do not review the propriety of the April 22 order, we do not consider these arguments.

---

[6] The Croggs also assert that Milligan did not have a "right" to buy the property but rather only had an "option." They cite generously to case law purporting to distinguish an option to purchase from a right to purchase. The Croggs further argue that a court interpreting a TEDRA agreement must apply general principles of contract law. The Croggs assert that because there was no ambiguity in the language of the settlement agreement, the court should have not considered extrinsic evidence, specifically the Moe appraisal, to clarify an ambiguity.

These arguments were not raised before the trial court in the Croggs' CR 60(b) motion. It is unclear what was argued in response to Milligan's motion to enforce compliance because the record on appeal does not contain the Croggs' response, nor does it contain a transcript of the proceedings.

We do not reach these arguments.

III. Relief Under CR 60(b)(11)

A. *Standard of Review*

The Croggs argue that we should review the superior court's interpretations of the settlement agreement de novo. We disagree. The decision to grant or deny a motion to vacate a judgment under CR 60(b) is within the superior court's discretion. *Jones v. City of Seattle*, 179 Wn.2d 322, 360, 314 P.3d 380 (2013). A superior court abuses its discretion when its decision is based on untenable grounds or is made for untenable reasons. *Union Bank, N.A. v. Vanderhoek Assocs., LLC*, 191 Wn. App. 836, 842, 365 P.3d 223 (2015). An appeal from a CR 60(b) motion is limited to the propriety of the denial and not the propriety of the underlying judgment. *Barr, 119 Wn.* App. at 48.

B. *CR 60(b)(11)*

The Croggs argue that the superior court erred as a matter of law by not enforcing the settlement agreement as written and that the superior court abused its discretion by ordering a second appraisal. We hold that the superior court did not abuse its discretion when it denied the Croggs' CR 60(b)(11) motion.

CR 60(b)(11) is a catchall provision that allows a court to vacate a judgment for "[a]ny other reason justifying relief." CR 60(b)(11) is confined to situations involving extraordinary circumstances not covered by any other section of the rule. *Union Bank*, 191 Wn. App. at 844. Extraordinary circumstances involve irregularities which are extraneous to the action of the court or go to the question of the regularity of its proceedings. *Tatham v. Rogers*, 170 Wn. App. 76, 100, 283 P.3d 583 (2012).

Generally extraordinary circumstances sufficient to afford CR 60(b)(11) relief are unusual circumstances that are not within the control of the party. *State v. Gamble*, 168 Wn.2d 161, 169, 225 P.3d 973 (2010); *see Barr*, 119 Wn. App. at 48 (holding that irregularities in a plaintiff's attorney's ability abide by court rules was outside the control of the plaintiff, the defendant, and the court). Errors of law are not extraordinary circumstances correctable through CR 60(b)(11); rather, direct appeal is the proper means of remedying legal errors. *Union Bank*, 191 Wn. App. at 847.

1. *Errors of Law*

The Croggs argue that the superior court erred as a matter of law by not enforcing the settlement agreement as written under RCW 11.96A.220. We do not review this claim.

Here the Croggs appeal only the order denying their CR 60(b)(11) motion. Because errors of law may not be corrected by a CR 60(b)(11) motion, we do not review the Croggs' argument that RCW 11.96A.220 bound the superior court as a matter of law.

2. *No extraordinary circumstances under CR 60(b)(11)*

Here, the Croggs do not argue that extraordinary circumstances exist warranting a vacation of the court's order denying their motion for relief. Moreover a thorough review of the record reveals no extraordinary circumstances.

Because errors of law are not reviewable under CR 60(b)(11) and because nothing in the record or in the appellant's arguments purport to show extraordinary circumstances warranting vacation of the August 5 order, we affirm the superior court's order denying relief under CR 60(b)(11).

IV. ATTORNEY FEES IN THE TRIAL COURT

The Croggs argue that the superior court erred by not awarding them attorney fees under RCW 11.96A.150. We disagree.

Under RCW 11.96A.150, the court may order the costs, including reasonable attorney fees, to be paid in such amount and in such manner as the court determines to be equitable. Further, RCW 11.96A.150 provides that an award of fees is discretionary, and a court, in its discretion, may consider any and all factors that the court deems to be relevant and appropriate. RCW 11.96A.150. Accordingly, we review an award of fees here for abuse of discretion. A superior court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds or reasons. *Union Bank*, 191 Wn. App. at 842.

The Croggs have not provided a verbatim report of proceedings for our review. The record on appeal shows that the superior court did not impose discretionary fees to either party in its order denying the motion for relief. However, nothing in the record shows the superior court's reasoning for not imposing fees under RCW 11.96A.150. Considering the limited record on appeal, we find that the superior court did not abuse its discretion in not awarding discretionary fees to the Croggs. *See* RAP 9.2(b).

V. ATTORNEY FEES ON APPEAL

Both the Croggs and Milligan request reasonable attorney fees on appeal under RAP 18.1 and RCW 11.96A.150. Milligan asserts that he should be awarded fees under the settlement agreement for having to respond to the Croggs' appeal. We agree and award Milligan reasonable attorney fees on appeal.

RAP 18.1 (a) allows a party to recover its reasonable attorney fees and costs on appeal if an applicable law grants that party a right to recover attorney fees and costs. RCW 11.96A.150 grants broad discretion to courts to award attorney fees "'in such manner as the court determines to be equitable' in 'all proceedings governed by this title [11].'" *Sloans v. Berry*, 189 Wn. App. 368, 379, 358 P.3d 426 (2015) (quoting RCW 11.96A.150). RCW 11.96A.150(1)(c) allows us to consider "any and all factors" that we deem to be relevant and appropriate but the factors need not include a determination as to whether the litigation benefits the estate. The settlement agreement also states that attorney fees are available to a prevailing party for claims to enforce the agreement.

The Croggs argue that Milligan's initial motion to compel compliance with the settlement agreement did not benefit the estate. However, RCW 11.96A.150 does not require us to solely consider whether a litigation benefits an estate in awarding fees. The Croggs improperly raise arguments on appeal that they did not raise below and they do not even attempt to address the burden they must meet under CR 60(b)(11). Further, the superior court noted that something was unusual about Yohe's appraisal that came in several times higher than Moe's appraisal.

Because we may award fees in such manner as we deem to be equitable under RCW 11.96A.150 and because the settlement agreement authorizes an award of fees to the prevailing party in a suit to enforce the agreement, we award reasonable attorney fees on appeal to Milligan.

We affirm the superior court's order denying the Croggs' CR 60(b) motion, and we award reasonable attorney fees on appeal to Milligan.

No. 49410-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, C.J.

_____
Maxa, J.