IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MARC R. KEITH, | ) | No. 38761-5-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| FERRY COUNTY, WASHINGTON and | ) | |
| ALL PERSONS CLAIMING ANY | ) | |
| RIGHT, TITLE OR INTEREST IN THE | ) | |
| REAL PROPERTY DESCRIBED | ) | |
| HEREIN, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, A.C.J. — Marc Keith appeals the trial court's denial of his CR 60(b)(4) motion to vacate the final judgment in this matter. That rule permits a trial court to vacate a final judgment if there is clear and convincing evidence the judgment was obtained by fraud, misrepresentation, or other misconduct of an adverse party.

Mr. Keith raises numerous arguments on appeal—many involve rearguing issues he raised or could have raised in his previous appeal; others involve purported fraud,

misrepresentation, or other misconduct. We exercise our discretion to not review the first group of arguments. We review the second group of arguments and conclude they do not support vacating the judgment. We affirm the trial court.

FACTS

The underlying case arose from a dispute over whether the road in "Lot 1," a lot owned by Mr. Keith, was dedicated to and accepted by Ferry County (County) as a public right-of-way. *See Keith v. Ferry County*, No. 37526-9-III, slip op. at 2-7 (Wash. Ct. App. Mar. 30, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/375269_unp.pdf. Mr. Keith believed the road had not been dedicated to and accepted by the County. His amended complaint against the County requested a declaratory judgment and asserted ownership under color of title (occupation and payment of taxes for seven or more years) and inverse condemnation (unconstitutional taking). Eventually, Mr. Keith and the County brought cross motions for summary judgment.

The trial court entered an order granting the County's cross motion for summary judgment and dismissing Mr. Keith's claims. Mr. Keith appealed. We affirmed the summary judgment dismissal. We noted that the short plat map depicted the road, identified it as "*Empire Cr. Co. Rd. #552," and next to the road's cul-de-sac on Lot 1, the map indicated, "end county maintained road." Clerk's Papers (CP) at 245. We

concluded that Wutzke/Schinnell, the original owners of the property depicted in the short plat, clearly dedicated the road to the County, and the County clearly accepted it. We additionally held that because the short plat was unambiguous, parol evidence could not be used to contradict it.

*Motion to vacate under CR 60(b)(4)*

Within one year of our mandate, Mr. Keith, pro se, moved under CR 60(b)(4) for an order vacating the summary judgment order. On the same day, the court entered an order requiring the County to appear and show cause, if any, for why the court should not vacate its order. One month later, the County filed its memorandum opposing the motion.

The trial court held a hearing and heard extensive arguments by Mr. Keith. The court commented, "[I]t seems like you're relitigating issues that have already been decided by this Court." Report of Proceedings (RP) at 6. It requested Mr. Keith to "[t]ie this back to the fraud . . . [b]ecause . . . you're re-arguing everything that happened." RP at 9.

In January 2022, the trial court entered an order denying Mr. Keith's motion to vacate, accompanied by written findings of fact and conclusions of law. Specifically, the court found that: "11. Keith's motion argument presented at hearing largely focused on relitigating matters already conclusively determined." CP at 500.

3

The superior court concluded that:

  6. Keith failed to show that the County withheld documents responsive to the discovery requests served upon the County. Moreover, the documents presented in support of Keith's motion are parol to the Wutzke/Schinnell short plat and cannot contradict the unambiguous plat.
  7. Keith failed to show by clear and convincing evidence that fraud, misrepresentation, or other misconduct by the County caused entry of the April 7, 2020, order on cross motions for summary judgment.
  8. Keith failed to show by clear and convincing evidence that the County engage[d] in conduct that prevented Keith from fully and fairly presenting his case.

CP at 502.

  Mr. Keith timely appealed.

## ANALYSIS

DENIAL OF MR. KEITH'S CR 60(b)(4) MOTION TO VACATE

  Mr. Keith contends that the superior court abused its discretion by denying his motion under CR 60(b)(4) to vacate the summary judgment order.[1] We disagree.

*Law of the case*

  We first address Mr. Keith's attempt to relitigate the issue of ownership of the

---

[1] In its concluding sentence, the summary judgment order states, "[T]he County is entitled to judgment as a matter of law dismissing the Plaintiff's claims with prejudice." CP at 240. We presume that such a judgment was issued. For this reason, we refer to the relief sought by Mr. Keith as vacation of the judgment, rather than vacation of the summary judgment order.

4

road.  "Where there has been a determination of the applicable law in a prior appeal, the law of the case doctrine ordinarily precludes redeciding the same legal issues in a subsequent appeal."  *Folsom v. County of Spokane*, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988).  In addition, the doctrine permits us to refuse to address issues that could have been raised in the prior appeal.  *Sambasivan v. Kadlec Med. Ctr.*, 184 Wn. App. 567, 576, 338 P.3d 860 (2014).

Here, Mr. Keith raises new and old arguments why our prior decision is wrong. These arguments are: (1) encumbrances on property must be by deed, (2) no right-of-way deed was created in 1992, (3) grants require legislative body approval, (4) the Wutzkes conveyed Lot 1 twice, (5) Mr. Keith is a bona fide purchaser, (6) county roads must be recorded in the auditor's office, (7) no county road was established, and (8) there was an unconstitutional taking.

In general response to these arguments, we note that when Mr. Keith purchased Lot 1, the short plat was recorded, and it was or should have been obvious that "Empire Cr. Co. Rd." meant Empire Creek *County* Road.  In addition, owners of property can create a public road "'by presenting for filing a final plat or short plat that shows the dedication [of the road] on its face.'"  *Bunnell v. Blair*, 132 Wn. App. 149, 154, 130 P.3d

423 (2006) (quoting *Richardson v. Cox*, 108 Wn. App. 881, 891, 26 P.3d 970 (2001)). A formal conveyance by deed is not required.

If we were persuaded by any of his new or old arguments, we might exercise our discretion and reconsider our prior decision. But because we are unpersuaded, we apply the law of the case doctrine to these arguments.

We confine our review to those arguments by Mr. Keith in which he asserts fraud, misrepresentation, or other misconduct.

*Standard of review*

By its terms, CR 60(b)(4) permits a trial court to vacate a judgment for fraud, misrepresentation, or other misconduct of an adverse party. The decision to grant or deny a motion to vacate a judgment under CR 60(b) is within the trial court's discretion. *Jones v. City of Seattle*, 179 Wn.2d 322, 360, 314 P.3d 380 (2013). A court abuses its discretion if its decision is based on untenable grounds or is for untenable reasons. *Union Bank, NA v. Vanderhoek Assocs., LLC*, 191 Wn. App. 836, 842, 365 P.3d 223 (2015).

Vacation of a judgment is an extraordinary remedy. *Dalton v. State*, 130 Wn. App. 653, 665, 124 P.3d 305 (2005). Under CR 60(b)(4), the moving party must show by clear and convincing evidence that the judgment was obtained by fraud, misrepresentation, or other misconduct of an adverse party. *Peoples State Bank v. Hickey*, 55 Wn. App. 367,

6

372, 777 P.2d 1056 (1989). "The rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* "[T]he [mis]conduct must be such that the losing party was prevented from fully and fairly presenting its case or defense." *Id.*

*Purported misconduct of postal service or postmasters*

Mr. Keith repeatedly asserts that the postal service and various postmasters engaged in assorted types of misconduct. These assertions are insufficient under CR 60(b)(4). The rule requires the misconduct to have been committed by an adverse party. The post office and the various postmasters are not adverse parties.

*Purported misconduct of County employee Cox*

Mr. Keith next argues that Ferry County Chief Deputy Assessor Coleen Cox lied under oath about his payment of taxes on the roadway. She testified that the taxes assessed were for Lot 1, not Lot 1 and the road. He claims that the clear intent of the perjury was to defeat his claim that he paid taxes on the road for seven successive years and thereby obtained statutory title.

Mr. Keith's claim to statutory title rests on RCW 7.28.070, a form of adverse possession. But the law is clear in Washington that one cannot adversely possess public property. *Michel v. City of Seattle*, 19 Wn. App. 2d 783, 795, 498 P.3d 522 (2021),

7

*review denied*, 199 Wn.2d 1012, 508 P.3d 671 (2022). Mr. Keith's claim of statutory title

through adverse possession had no legal merit, so Ms. Cox's purported lie was of no

consequence. The trial court did not abuse its discretion by denying the motion to vacate

based on a purported lie that had no effect on the outcome of the case.

> *Recorded quitclaim deed from Wutzke to Mr. Keith's predecessor*

Mr. Keith argues the County "held in their [sic] possession, but withheld from the

court" the recorded quitclaim deed from the owners who filed the short plat application

"conveying *all interest* [in Lot 1] to [my] predecessor in interest . . . ." Br. of Appellant at

32. It is true the original owners conveyed "all interest" they had in Lot 1 to Mr. Keith's

predecessor. CP at 389. However, the original owners signed the deed three weeks *after*

the short plat was recorded. By the time the original owners signed the quitclaim deed,

they had no interest in the County road. The quitclaim deed is irrelevant. The trial court

did not abuse its discretion by denying the motion to vacate based on the nondisclosure of

a deed that had no effect on the outcome of the case.

> *Tampering with physical evidence/discovery violation*

Mr. Keith argues the County tampered with the planning commission meeting

minutes related to the short plat application. He asserts the record of the minutes should

have been produced in discovery but instead was transferred to the state archives.

8

The record Mr. Keith identifies reflects a concern the planning commission had about the steepness of the road accessing lots 2, 3, and 4, and directs that a disclaimer be added to the short plat that adjacent landowners would be responsible for paying a proportionate cost to build the road to applicable standards.

In a similar vein, Mr. Keith argues the County violated discovery rules by not disclosing this document in discovery. The trial court reviewed Mr. Keith's discovery requests and determined that none of them encompassed the planning commission record.

Regardless, the record is of no consequence. First, it does not relate to Lot 1, Mr. Keith's lot. Second, Mr. Keith does not argue that production of the record would have made any difference in the outcome of the case. Nor can we conceive how this document would change the outcome.

As noted previously, we held that the short plat was unambiguous and that parol evidence was inadmissible to contradict the clear meaning of it. This means that the purportedly hidden document, even if it contradicted the short plat, would not be admissible for that purpose. Moreover, the document does not contradict the short plat. The trial court did not abuse its discretion by denying the motion to vacate based on nondisclosure of an inadmissible document.

*County attorney's removal of adverse authority*

Finally, Mr. Keith argues that the County's attorney, in a brief submitted to the trial court, provided an incomplete quote of the planning commission's findings that approved a variance to the short plat. More specifically, the attorney quoted the first two paragraphs of the findings but omitted the third paragraph. The omitted finding noted that access does not exist through the Boise property.

Mr. Keith asserts that the omitted finding "is dispositive evidence no county road was created." Br. of Appellant at 37. First, we do not agree that this information means no county road was created. In fact, we do not attach any significance to the omitted finding. Second, as previously noted, this information would be inadmissible to contradict the unambiguous short plat. The omission of this finding was of no consequence. The trial court did not abuse its discretion by denying the motion to vacate based on the omission of inadmissible evidence.

In conclusion, the trial court did not abuse its discretion in denying Mr. Keith's CR 60(b)(4) motion to vacate the judgment.

No. 38761-5-III
*Keith v. Ferry County*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Fearing, J.                          Staab, J.

11