**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON

OCTOBER 9, 2025

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
OCTOBER 9, 2025

SARAH R. PENDLETON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| PRINCE ERIC LUV, | ) | No. 103031-2 |
| Respondent, | ) | |
| v. | ) | En Banc |
| WEST COAST SERVICING, INC., | ) | |
| Petitioner. | ) | Filed: October 9, 2025 |

JOHNSON, J.—This case stems initially from a trial court's erroneous application of law, and the issue presented focuses on whether, and under what circumstances, relief is available under our court rules, specifically CR 60(b)(11).[1] The Court of Appeals on initial appeal affirmed the decision and this court denied review. The petitioner then sought relief in the trial court, which was denied. That

---

[1] "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for . . .

". . . .

"(11) Any other reason justifying relief from the operation of the judgment."

decision was appealed to the Court of Appeals and denied. We conclude that the trial court abused its discretion by applying the wrong legal standard under CR 60(b)(11). The series of legal mistakes combined with the other circumstances in this case satisfy CR 60(b)(11), justifying relief from judgment. We reverse the Court of Appeals and remand.

## FACTS AND PROCEDURAL HISTORY

This case has a long procedural history involving West Coast Servicing Inc.'s attempt to foreclose on a deed of trust based on nonpayment. In 2008, Prince Eric Luv filed for bankruptcy and stopped making payments on a note secured by a deed of trust against real property. The bankruptcy court discharged his debt in 2009. He has not made any payments that became due after 2008 on the 20-year term obligation. In 2018, the beneficiary of the deed of trust transferred its interest to West Coast. West Coast started nonjudicial foreclosure proceedings against the property. Luv then filed an action to quiet title and moved for summary judgment. The trial court granted the motion, ruling that actions to enforce promissory notes and foreclose on deeds of trust securing the notes are barred by the six-year statute of limitations that started running, in this case, when the bankruptcy court discharged Luv's debt in 2009. Title was quieted to Luv. That legal ruling was in error.

West Coast appealed the trial court's interpretation of bankruptcy law. In August 2021, the Court of Appeals, Division One, affirmed the trial court in an unpublished opinion. *Luv v. W. Coast Servicing, Inc.*, No. 81991-7-I (Wash. Ct. App. Aug 2, 2021) (unpublished) (*Luv* I), https://www.courts.wa.gov/opinions/pdf/819917.pdf. West Coast moved for reconsideration of *Luv* I, which the Court of Appeals denied. West Coast petitioned this court for review, which this court denied on January 5, 2022.[2] West Coast submitted a "Renewed Petition for Supreme Court Review" in this court, which was also denied.

Less than two weeks later, on January 18, 2022, the Court of Appeals, Division One, the same division to issue the opinion in *Luv* I, issued its opinion in *Copper Creek* I,[3] which expressly denounced *Luv* I's holding. The *Copper Creek* I court stated, "The outcome of [*Luv* I] is contrary to the outcome here." 21 Wn. App. 2d at 624 n.12. That same day, West Coast attempted to renew its motion for reconsideration of the *Luv* I decision in the Court of Appeals, Division One. The motion was rejected. West Coast also attempted to renew its petition for review in

---

[2] *Luv v. W. Coast Servicing, Inc.*, 198 Wn.2d 1035 (2022).

[3] *Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 21 Wn. App. 2d 605, 508 P.3d 179 (2022). The Court of Appeals filed its initial opinion in *Copper Creek* I on January 18, 2022, but later withdrew the opinion, granting reconsideration as to an attorney fee issue. A substitute opinion was filed on April 11, 2022.

this court on February 2, 2022. Its petition was denied. *Luv* I became final on February 17, 2022, when Division One issued the mandate.

In March 2022, after exhausting options for direct appeal, and supported by *Copper Creek* I's legal analysis, West Coast sought relief in the trial court by moving to vacate the quiet title judgment under CR 60(b)(11). The trial court denied West Coast's motion. It ruled that *Copper Creek* I was not a change in the law and that *Luv* I was merely an erroneous interpretation of the law, which could be corrected only on appeal and not by a CR 60 motion following appeal. Clerk's Papers (CP) at 20. West Coast moved for reconsideration, which the trial court denied on April 25, 2022. West Coast appealed, and the Court of Appeals, Division One, affirmed the trial court on November 28, 2022 in *Luv* II.[4] West Coast petitioned for this court's review, and this court stayed consideration pending our decision reviewing *Copper Creek* I and its companion case, *Merritt v. USAA Federal Savings Bank*.[5] *W. Coast Servicing, Inc. v. Luv*, No. 101505-4 (Wash. Mar. 8, 2023) (court order). When this court affirmed *Copper Creek* II,[6] we dissolved the stay. On October 3, 2023, this court granted review of West Coast's

---

[4] *W. Coast Servicing, Inc. v. Luv*, No. 83959-4-I (Wash. Ct. App. Nov. 28, 2022) (unpublished), https://perma.cc/DZZ2-436W.
[5] 1 Wn.3d 692, 532 P.3d 1024 (2023).
[6] *Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 1 Wn.3d 711, 532 P.3d 601 (2023).

petition and remanded the case to the Court of Appeals "for reconsideration in light of [*Copper Creek* II]." *W. Coast Servicing, Inc. v. Luv*, 1 Wn.3d 1033 (2023).

Despite our remand directions, on April 1, 2024, the Court of Appeals reaffirmed its CR 60(b) analysis from *Luv* II, which rejected the argument that relief from judgment under CR 60(b)(11) was warranted.[7] West Coast petitioned for this court's review, which was granted. *Luv v. W. Coast Servicing, Inc.*, 3 Wn.3d 1012 (2024).

## ANALYSIS

The procedural history illustrates West Coast's attempts to secure the relief to which it was legally entitled. Counsel for West Coast followed proper procedure throughout this case by appealing the trial court decisions in *Luv* I, allowing the lower courts every opportunity to review and remedy the legal errors.

Additionally, we rejected the Court of Appeals' erroneous legal analysis and conclusions in West Coast's direct appeal in our *Copper Creek* II holding. Citing *Luv* I, we stated, "[N]early every court to consider the issue held, implied, or stated in dicta that 'the statute of limitations does not accrue after discharge because, at that point, no future installment payments are due and owing.' . . . [W]e now reject such a rule." *Copper Creek* II, 1 Wn.3d at 718 (quoting *Luv* I, No. 81991-7-I, slip

---

[7] *Luv v. W. Coast Servicing, Inc.*, No. 83959-4-I (Wash. Ct. App. Apr. 1, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/839594.pdf.

op. at 5). In *Merritt,* we disavowed the misinterpretation of statements from *Edmundson v. Bank of America, NA*[8] that the Court of Appeals here had erroneously relied on in West Coast's direct appeal in *Luv* I.

Luv argues that this court should reject West Coast's arguments, not because he disputes that the ruling is erroneous, but because general principles of finality outweigh the fairness implicated in several bad rulings. However, our court rules provide a wide variety of reasons for when a case can be reopened. Under CR 60(b), the first 10 reasons describe specific circumstances that would allow for a case to reopen.[9] CR 60(b)(11) is a catchall provision that allows for a case to be reopened when a reason does not fall under the other listed justifications. This list shows that finality does not always preclude granting relief. Although this

---

[8] 194 Wn. App. 920, 378 P.3d 272 (2016).

[9] "(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

"(2) For erroneous proceedings against a minor or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings;

"(3) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b);

"(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

"(5) The judgment is void;

"(6) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

"(7) If the defendant was served by publication, relief may be granted as prescribed in RCW 4.28.200;

"(8) Death of one of the parties before the judgment in the action;

"(9) Unavoidable casualty or misfortune preventing the party from prosecuting or defending;

"(10) Error in judgment shown by a minor, within 12 months after arriving at full age."

provision is not meant to be broadly interpreted, enabling parties to relitigate matters, it is intended to catch some circumstances not contemplated otherwise.

CR 60(b)(11) authorizes courts to relieve a party from a final judgment, order, or proceeding for "[a]ny other reason justifying relief from the operation of the judgment." An error of law, such as an invalid judgment, is a justifiable basis to support grounds for a trial court to grant relief under CR 60(b)(11) when accompanied by extraordinary circumstances extraneous to the proceeding, including when "a new case creat[ed] a divisional split within the Court of Appeals." *Union Bank, NA v. Vanderhoek Assocs.*, 191 Wn. App. 836, 838, 365 P.3d 223 (2015). Importantly, CR 60(b)(11) does not require a party to demonstrate that a conflicting Court of Appeals holding represents a change in law. The language in CR 60(b)(11) is broad, giving courts authority to find that a legal error is eligible for relief when qualifying circumstances outside of the movant's control exist. A trial court abuses its discretion when it fails to consider such circumstances or inserts nonexistent requirements when determining whether to grant a CR 60(b)(11) motion. *State v. Gentry*, 183 Wn.2d 749, 764, 356 P.3d 714 (2015) ("A trial court abuses its discretion if its decision . . . was reached by applying the wrong legal standard.").

In *Union Bank*, the trial court ruled that a newly published Court of Appeals opinion, which conflicted with the Court of Appeals' decision the trial court relied

on in its judgment entered 18 days before, was a qualifying circumstance that warranted providing relief pursuant to CR 60(b)(11). The trial court reasoned that the published opinion changed the law on the matter. The Court of Appeals affirmed the trial court's grant of relief, reasoning that a change in law, especially given the short time frame, was one way to adequately justify relief from judgment. It held "that to the extent a conflict between the divisions emerges, there is a change in the law." *Union Bank*, 191 Wn. App. at 847. From this case, we can see that conflicting appellate court decisions combined with the prompt timing of a CR 60(b)(11) motion constitute extraordinary circumstances. This case is analogous to *Union Bank* because *Copper Creek* I created a divisional split within a short time frame.

First, *Copper Creek* I explicitly contradicted *Luv* I, causing a divisional split.[10] Both the trial court and Court of Appeals cited *Union Bank* to deny West Coast's CR 60(b) motion, reasoning that *Luv* I did not change the law but, instead, contained an error that the decision in *Copper Creek* I clarified. However, the lower courts failed to follow *Union Bank*'s holding explaining what qualified as a change in law. The *Union Bank* court held "that to the extent a conflict between the

---

[10] Factually, by contradicting *Luv* I, *Copper Creek* I created a split within the same division, in other words, an intradivisional split. This opinion treats the intradivisional split as a divisional split for the purposes of meeting the *Union Bank* change in law standard. This treatment does not diminish our recognition of the intradivisional split, which is a unique circumstance making this situation even more extraordinary.

divisions emerges, there is a change in the law." 191 Wn. App. at 847. That is what happened in this case. The *Copper Creek* I court stated that the *Luv* I outcome was contrary to its outcome. 21 Wn. App. 2d at 624 n.12. According to *Union Bank*'s holding that a change in law occurs when Court of Appeals decisions conflict, *Copper Creek* I can be characterized as a change in law because it conflicts with the *Luv* I holding. Therefore, the reliance on *Union Bank* to preclude application of CR 60(b)(11) is unpersuasive.

Moreover, the trial court characterized *Luv* I's holding as "an error of existing law as opposed to having become wrong due to a change in the law" and designated that characterization as "critical in determining whether a CR 60 motion can be granted." CP at 19 (citing *Union Bank*, 191 Wn. App. 836). Because the trial court stated that the CR 60 motion could not be granted, signaling a belief that it had no discretion to reopen the case under the circumstances, it abused its discretion by applying the wrong legal standard.

Second, West Coast's immediate action after the publication of the conflicting decision is significant. CR 60(b)(11) has been held to be inapplicable when a party asserting a legal error fails to bring that challenge forward promptly due to ordinary mistake or negligence. For example, in *Kingery v. Department of Labor & Industries*, a petitioner who was seeking widow's benefits, specifically under Washington's Industrial Insurance Act, Title 51 RCW, brought a CR 60(b)

motion several years after initially being denied those benefits by the department. 132 Wn.2d 162, 937 P.2d 565 (1997) (plurality opinion). When the department first denied her widow's benefits, Kingery promptly sought reconsideration. The department denied reconsideration but notified her that she could still appeal that decision within 60 days. She did not take further action until 8 years later. In our review of the rejected CR 60 motion, we stated that had the petitioner timely appealed the order, "she could have pursued a CR 60 remedy before the Board, subject to the usual requirements of CR 60." *Kingery*, 132 Wn.2d at 172. We declined to extend any equitable relief to her circumstances because she delayed taking action for 8 years and did not timely appeal the initial order.

Here, providing West Coast with equitable relief under CR 60 is merited because, unlike in *Kingery*, West Coast timely and properly appealed the lower courts' decisions. The party in *Kingery* did not. The same can be said of other cases relying on the rule that "[e]rrors of law may not be corrected by a motion pursuant to CR 60(b), but must be raised on appeal." *In re Marriage of Tang*, 57 Wn. App. 648, 654, 789 P.2d 118 (1990); *see, e.g., Burlingame v. Consol. Mines & Smelting Co.*, 106 Wn.2d 328, 722 P.2d 67 (1986); *State v. Keller*, 32 Wn. App. 135, 141, 647 P.2d 35 (1982); *Hurley v. Wilson*, 129 Wn. 567, 225 P. 441 (1924). Instead of precluding a properly appealed case from being reopened under limited circumstances, these cases stand for the principle that CR 60(b)(11) is not a

workaround when a party fails to properly appeal an order or judgment. The legal standard in cases where the party failed to properly and timely appeal is inapplicable here.

Conversely, West Coast took prompt action. It renewed its motion for reconsideration of the *Luv* I decision on the same day that Division One published its opinion disavowing *Luv* I. The timeline also shows that Division One still had the *Luv* I decision in process because its mandate had not issued. West Coast sought relief under CR 60(b)(11) after exhausting its options for appeal. The short timing of the procedural history and West Coast's prompt efforts to follow proper procedure add to the qualifying circumstances warranting applicability of CR 60(b)(11). Additionally, the fact that the *Luv* I case was unmandated makes Luv's argument regarding the importance of finality less compelling.

While principles of finality are certainly significant, the role of CR 60(b)(11) operates narrowly to overcome these principles where compelling circumstances beyond the trial court's legal error, such as exist in this case, are established. We find the combined circumstances of this case compelling, which include several decisions denying relief based on legal error, West Coast's proper and prompt actions, and a divisional split occurring within a brief time frame. We also consider that West Coast advanced legal arguments consistent with *Copper Creek* I and II throughout this case's procedural history—specifically that bankruptcy discharge

does not commence the applicable statutory limitation period for all future payment obligations.

Because the trial court abused its discretion when it applied the wrong legal standards by failing to consider the surrounding circumstances in its decision, we reverse the trial court's order denying West Coast's CR 60 motion. We remand to the trial court to vacate the quiet title judgment awarded Luv and to conduct any other relevant proceedings.

_____
Johnson, J.

WE CONCUR:

_____          _____
                                                                        Yu, J.

_____          _____
                                                                        Whitener, J.

_____
Gordon McCloud, J.

*Luv v. W. Coast Servicing, Inc.*

No. 103031-2

MADSEN, J. (concurring)—I agree with the result reached by the lead opinion, but for different reasons. I would resolve the case under our Rules of Appellate Procedure (RAP) rather than CR 60(b)(11). I would remand the case to the Court of Appeals with directions to exercise its RAP 2.5(c)(2) discretion and reconsider its clearly erroneous decision in *Luv v. West Coast Servicing, Inc.*, No. 81991-7-I (Wash. Ct. App. Aug. 2, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/819917.pdf. However, considering the extended and rather tortured procedural history of this case, I agree with the lead opinion that we should reverse the Court of Appeals and remand to the trial court to vacate the quiet title judgment.

At issue here is how to resolve a legal error that has escaped review. The setting for the error began when one panel of the Court of Appeals decided a substantive issue that a later panel rejected. *Luv* affirmed a trial court's ruling barring West Coast Servicing's foreclosure on a deed of trust against Prince Eric Luv based on a six-year statute of limitations. *Id.*, slip op. at 1. West Coast Servicing appealed and we denied review. *Luv* mandated in February 2022. In the meantime, the Court of Appeals issued

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, which expressly disagreed with *Luv*. 21 Wn. App. 2d 605, 624 n.12, 508 P.3d 179 (2022) (*Copper Creek* I). By that point, however, West Coast Servicing had exhausted its direct appeal options.

To continue prosecuting its case and supported by *Copper Creek* I, West Coast Servicing filed a new action in the trial court, seeking relief from judgment under CR 60(b)(11).[1] The motion was denied and West Coast Servicing appealed. We stayed the petition after granting review of *Copper Creek* I. In our review, we disavowed the statute of limitations analysis in *Luv. Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 1 Wn.3d 711, 713, 718, 532 P.3d 601 (2023) (*Copper Creek* II). We then remanded West Coast Servicing's petition to the Court of Appeals for consideration in light of *Copper Creek* II. *W. Coast Servicing, Inc. v. Luv*, 1 Wn.3d 1033 (2023). But the Court of Appeals did not reach the statute of limitations issue. Instead, the court affirmed on CR 60 grounds. *Luv v. West Coast Servicing, Inc.*, No. 83959-4-I, slip op. at 4-9 (Wash. Ct. App. Apr. 1, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/839594.pdf. West Coast again appealed and we granted review. *Luv. v. W. Coast Servicing, Inc.*, 3 Wn.3d 1012 (2024).

The issue before us today is what to do next. The lead opinion concludes that the error of law was an invalid judgment warranting CR 60(b)(11) relief. Lead opinion at 7.

---

[1] "[A] court may relieve a party . . . from a final judgment . . . for . . . [a]ny other reason justifying relief from the operation of the judgment."

But as the dissent points out, our long-standing precedent holds that an error of law must be addressed by direct appeal and not CR 60(b). Dissent at 14-15.

Thus, in its attempt to remedy the legal mistakes made below, the lead opinion unfortunately makes another one by misapplying and expanding the grounds for obtaining CR 60(b) relief. The dissent explains this misstep but confines itself to a mechanical application of the rule and would affirm process over substance.

In my view, we should reiterate our earlier order remanding the case to the Court of Appeals for consideration in light of *Copper Creek* II. As our remand order makes clear, we intended the Court of Appeals to address a *substantive* issue. *Copper Creek* I did not concern CR 60; it concerned only the point at which the statute of limitations accrues in a bankruptcy action. *Copper Creek* II, 1 Wn.3d at 713. We resolved that issue and returned West Coast's case to the Court of Appeals to address it by reopening *Luv* and reconsidering it pursuant to *Copper Creek* II.

Though *Luv* mandated in February 2022, the Court of Appeals retains authority to revise it. Generally, an appellate court loses the power to change or modify a decision on the issuance of a mandate. RAP 12.2. The RAPs provide two exceptions. Relevant here, upon issuance of the mandate, an appellate court's action or decision becomes effective and binding on the parties and governs all subsequent proceedings "except as provided in rule 2.5(c)(2)." RAP 12.2. RAP 12.7(d) recognizes that an appellate court "retains the power to change a decision as provided in rule 2.5(c)(2)."

RAP 2.5(c)(2) restricts application of the law of the case doctrine. That doctrine provides that once there is an appellate court ruling, that ruling must be followed in proceeding stages of the same litigation. *State v. Schwab*, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008). But if a case returns to an appellate court following remand, an "appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would be best served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review." RAP 2.5(c)(2). This review is discretionary. *Schwab*, 163 Wn.2d at 672.

An appellate court may reconsider only those decisions that were clearly erroneous and that would work a manifest injustice to one party if the clearly erroneous decision were not set aside, and no corresponding injustice would result to the other party if the erroneous holding were set aside. *Id.* (quoting and citing *Roberson v. Perez*, 156 Wn.2d 33, 42, 123 P.3d 844 (2005); *Folsom v. County of Spokane*, 111 Wn.2d 256, 264, 759 P.2d 1196 (1998)); *Sintra, Inc. v. City of Seattle*, 131 Wn.2d 640, 652, 935 P.2d 555 (1997) ("We have interpreted this rule to allow review of a previous decision when the decision is erroneous and when justice would be best served by review."), *overruled in part on other grounds by Chong Yim v. City of Seattle*, 194 Wn.2d 682, 451, P.3d 694 (2019).

Initially, RAP 2.5(c)(2) applies when a case returns to an appellate court following remand. The *Luv* decision itself was not before the Court of Appeals on remand; the

4

court was asked to consider the trial court's ruling on West Coast Servicing's

postjudgment CR 60(b) motion. Yet both *Luv* and the denial of the CR 60(b) motions

ultimately arose from the quiet title action. *See Schwab*, 163 Wn.2d at 673. The Court of

Appeals issued conflicting decisions in *Copper Creek* I and *Luv*, and because West Coast

Servicing had no mechanism to obtain relief, it filed for CR 60—in effect, collaterally

challenging the *Luv* decision. RAP 2.5(c) contemplates this situation. The rules allow

cases evolving out of legal proceedings and judgment, and returning to the Court of

Appeals following a remand on "the same conduct." *Id*. at 673 n.1. Our remand order

plainly indicated that the Court of Appeals should address the "same conduct" at issue in

*Copper Creek* II and not the procedural vehicle by which West Coast Servicing arrived

here, CR 60(b). Our decision in that case resolved a single issue: the underlying

intradivisional conflict in the Court of Appeals between *Copper Creek* I and *Luv*.

Therefore, the current case is the same case as *Luv* for the purposes of the exception to

the law of the case doctrine in RAP 2.5(c)(2).

Here, RAP 2.5(c)(2)'s exception provides a mechanism to revisit *Luv*. As noted

above, *Luv* held that the six-year statute of limitations does not accrue after discharge of

personal liability in bankruptcy. No. 81991-7-I, slip op. at 5. *Copper Creek* II rejected

that analysis and held that the statute of limitations to foreclose on a deed of trust

securing an installment loan accrues after each unpaid installment, even after the

borrower's personal liability is discharged in bankruptcy. 1 Wn.3d at 718. *Luv* is

therefore "clearly erroneous" pursuant to *Copper Creek* II, and this erroneous decision has worked a manifest injustice to West Coast Servicing because it is entitled to legal relief that it has been consistently denied. That is, reversal of *Luv* and remand to the trial court to vacate the quiet title judgment against West Coast Servicing. RAP 2.5(c)(2); *Schwab*, 163 Wn.2d at 672.

As to whether a corresponding injustice would result to the other party if the erroneous decision were set aside, this court has considered the question as one of fairness. *Schwab*, 163 Wn.2d at 676 (citing *Folsom*, 111 Wn.2d at 264). In *Schwab*, a defendant's manslaughter conviction had been vacated under double jeopardy but was reinstated when the defendant's other conviction for second degree murder was invalidated under *In re Personal Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002). 163 Wn.2d at 670-72. In balancing the interests of justice, this court reasoned that reinstating the manslaughter conviction avoided injustice rather than creating it. *Id.* at 676. Reinstating the conviction held the defendant accountable for their complicity in a murder; otherwise, the defendant would enjoy a windfall. *Id.* Here, as in *Schwab*, the question is one of fairness. West Coast Servicing's foreclosure was barred by an incorrect application of the statute of limitations, which West Coast Servicing repeatedly sought to remedy, and resulted in a windfall to Luv, who received a quiet title judgment in their favor. Revising and reversing *Luv* would return both parties to the same position they had been in prior to *Luv*'s error.

6

I would reverse and remand this case to the Court of Appeals for it to revisit its earlier appellate decision in *Luv* and reconsider the statute of limitations analysis in light of *Copper Creek* II, 1 Wn.3d at 718-19. RAP 2.5(c)(2). Nevertheless, I join the lead opinion's result: reverse the Court of Appeals and remand the case to the trial court to vacate the quiet title judgment awarded to Luv.

With these considerations in mind, I respectfully concur.

_____
Madsen, J.

7

*Luv. v. W. Coast Servicing, Inc.*

No. 103031-2

MUNGIA, J. (dissenting)—Court rules limit what this court may do. We have the authority to rule that a trial court abused its discretion by not applying the factors it should have considered when presented with a CR 60(b)(11) motion. We do not, however, have the authority to exercise that discretion for the trial court and cannot order it to set aside the judgment. CR 60(b)(11) gives the trial court the sole discretion to set aside a judgment. CR 60(b)(11) does not give our court the authority to take that action. That is exactly, however, what the lead opinion has done. The lead opinion's direction to the trial court to set aside the judgment is without authority.

Exercising the authority we have, the lead opinion could have held that the trial court had more discretion than it believed it had to grant relief under CR 60(b)(11). Staying within our authority, we could have remanded the case to the trial court so that it could exercise its discretion as to whether it believed that West Coast should be relieved from the judgment.

In effect, the lead opinion expands the scope of CR 60(b)(11) by providing the appellate courts the discretion to set aside a judgment for "[a]ny other reason justifying

relief from the operation of the judgment." While this court has the authority to adopt and amend court rules, I am dissenting because, absent extraordinary circumstances, we should not do so by a ruling in an appeal.

I am also dissenting because the lead opinion's new standard departs from established case law and reasoning. The lead opinion states that an error of law plus "extraordinary circumstances extraneous to the proceeding, including when 'a new case creat[es] a divisional split within the Court of Appeals'" is sufficient for the trial court to exercise its discretion in granting relief. Lead opinion at 7 (alteration in original). The lead opinion never explains why a difference in the divisions of our Court of Appeals should provide the trial court with a basis for granting relief under CR 60(b)(11). What is clear, however, is that the lead opinion is now departing from our well-established precedent and treating a legal error made by the trial court as a basis for collateral relief under CR 60(b)(11).

Until the lead opinion departed from precedent, the law has been that if a party alleged that the trial court committed legal error, the procedure for making that challenge was by a direct appeal. For over 100 years, we have held that parties could not collaterally challenge a judgment when the basis was an allegation that the trial court committed a legal error. That was the standard the trial court correctly applied. That was the standard the Court of Appeals correctly applied.

For all these reasons, I cannot join the lead opinion. I would affirm the Court of Appeals. I respectfully dissent.

*Luv v. W. Coast Servicing Inc.*, No. 103031-2
(Mungia, J., dissenting)


I
THIS APPEAL INVOLVES SOLELY WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED WEST COAST'S MOTION FOR RELIEF UNDER CR 60(b)(11)

A. A Party Has the Right To Direct Appellate Review To Correct an Alleged Error Made by the Trial Court

Under our rules, if a party believes that the trial court has made an error of law, it has the right to have the Court of Appeals review that decision. If the party believes that the Court of Appeals erred, it can ask this court to review the case. However, our court is not an error-correction court; instead, we accept petitions for review that satisfy the criteria set out in RAP 13.4(b).

Here, the trial court found in favor of Prince Eric Luv and against West Coast Servicing. The trial court made an error of law. Correctly applying the law, West Coast should have prevailed. On appeal, the Court of Appeals affirmed the trial court in *Luv* I[1] and, by doing so, made an error of law as well.

West Coast then sought review in this court. We did not accept review. *Luv v. W. Coast Servicing, Inc.*, 198 Wn.2d 1035 (2022). That would normally be the end of any lawsuit. If a party believes that a court made an error of law, there is one path to be taken to correct that error. The lead opinion is now changing that process.

---

[1] *Luv v. W. Coast Servicing, Inc.*, No. 81991-7-I (Wash. Ct. App. Aug. 2, 2021), (unpublished), https://www.courts.wa.gov/opinions/pdf/819917.pdf.

B. <u>CR 60(b) Allows a Party To Seek Collateral Review of a Final Judgment
Under Limited Circumstances</u>

Until the lead opinion's ruling today, we have consistently held that an error of

law cannot be addressed through CR 60(b). Instead, alleged errors may be remedied

only on direct appeal. *See Burlingame v. Consol. Mines & Smelting Co.*, 106 Wn.2d

328, 335-36, 722 P.2d 67 (1986); *Shum v. Dep't of Lab. & Indus.*, 63 Wn. App. 405,

408, 819 P.2d 399 (1991).

After judgment is entered, a civil litigant may seek collateral relief from the

judgment under limited circumstances set out in CR 60. While the language used in

CR 60(b)(11) is broad, our decisions have demonstrated that the possibility for relief is

narrow. Important to this appeal is our long-standing precedent that an error of law

made by the trial court is not a basis for relief. Nor is an error of law plus a subsequent

conflicting opinion by the same, or another, division of the Court of Appeals a basis

for relief under CR 60(b)(11)—or at least that was the rule before the lead opinion in

this case changed the standard.

CR 60 provides:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly
> Discovered Evidence; Fraud; etc.** On motion and upon such terms as
> are just, the court may relieve a party or the party's legal representative
> from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (11) Any other reason justifying relief from the operation of the
> judgment.

As a beginning point for analyzing a CR 60(b)(11) motion, relief is discretionary with the trial court. *Jones v. City of Seattle*, 179 Wn.2d 322, 367, 314 P.3d 380 (2013); *Morgan v. Burks*, 17 Wn. App. 193, 197, 563 P.2d 1260 (1977). This point cannot be overly emphasized in this case. CR 60 gives the trial court broad discretion, even to grant relief under any subsection of the rule. *Union Bank, N.A. v. Vanderhoek Assocs., LLC*, 191 Wn. App. 836, 842-43, 365 P.3d 223 (2015). Accordingly, unless the appellate court changes the law, it is difficult to understand how an appellate court could find a trial court abused its discretion when it has considered all the arguments raised by the parties and applied then-existing legal principles to deny relief under CR 60(b)(11). In contrast, if a trial court grants relief under CR 60(b)(11) on a basis that is contrary to the limits imposed under case law, then the basis of its decision could be untenable and could be a clear abuse of discretion. *See In re Marriage of Tang*, 57 Wn. App. 648, 653-56, 789 P.2d 118 (1990).

While an alleged legal error is not a basis for relief under CR 60(b)(11), if the law has changed, and the circumstances are truly unusual, then there may be a basis for seeking discretionary relief from the trial court. *See State v. Gamble*, 168 Wn.2d 161, 175, 225 P.3d 973 (2010); *cf. Columbia Rentals, Inc. v. State*, 89 Wn.2d 819, 822-23, 576 P.2d 62 (1978) (noting that "[i]f prior judgments could be modified to conform with subsequent changes in judicial interpretations, we might never see the end of

litigation"). Once again, it is within the trial court's discretion whether relief should be granted, even if the law has changed. *See Union Bank*, 191 Wn. App at 842.

    C. <u>West Coast Moved the Trial Court for Relief Under CR 60(b)(11) Claiming That There Had Been a Change in the Law</u>

On February 22, 2022, after its appeal ended, West Coast filed a motion to show cause as to why the quiet title judgment should not be vacated. Clerk's Papers (CP) at 36. West Coast was apparently aware that to have a chance for the trial court to exercise its discretion in West Coast's favor, it was not enough to show the trial court previously made an error of law in the final judgment; West Coast needed to show at least that the law had changed. In its motion, West Coast argued that under CR 60(b)(11), vacation of the judgment "is permitted following a change of law." CP at 36 (citing *Union Bank*, 191 Wn. App. at 847).

On March 30, 2022, the trial court denied West Coast's motion for relief under CR 60(b)(11). The trial court explained it was denying the motion because there was no change in the law:

> [West Coast Servicing's] motions are based on a claim there has been a change in the law due to the holding in *Copper Creek Homeowners [(Marysville)] Association v. Kurtz*, 2022 WL 152492.[2] *Copper Creek* does not hold it is changing the law. The *Copper Creek* Court actually held exactly the opposite; the Court clearly stated it was not changing the law and that its holding was and always had been the law (including at the time the *Luv* decision was made both in the trial and appeals courts).

---

[2] The Court of Appeals withdrew this opinion to reconsider an attorney fee issue. The substitute opinion was filed April 11, 2022: *Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 21 Wn. App. 2d 605, 508 P.3d 179 (2022).

The *Copper Creek* Court indicated that other unpublished decisions and federal cases had erroneously interpreted the prior law as set down in *Edmun[d]son v. Bank of America*[,] 194 Wn.[ ]App. 920[, 378 P.3d 272] (2016). *Copper Creek* held the unpublished appellate court decision in this *Luv* case erroneously interpreted the then existing law. However, *Luv* and other unpublished decisions in accord with *Luv* did not establish law that was then changed by *Copper Creek*. This is because those decision had no precedential value and could not establish law.

The Defendant's motion is based solely on its claim *Copper Creek* changed the law. In reality, *Copper Creek* held it was not changing the law and that the prior *Luv* appeals decision was an erroneous nonbinding interpretation of the law as the law then existed.

. . . .

*Copper Creek* and *Union Bank*, the cases upon which the defendant relies, when combined and read together, actually support the Plaintiff's [Mr. Luv's] position that a CR 60 motion cannot be granted by the trial court in this case. The CR 60 Motion is denied because the defect in the trial court's original judgement was, according to *Copper Creek*, an error in law, and *Copper Creek* did not change the law but correctly applied the already existing law. According to *Copper Creek*, the trial court's judgement in this case was an error of law at the time it was rendered and has not since become wrong due to a change in law. This error in law would have had to have been corrected on appeal and cannot be corrected by a CR 60 motion brought in the trial court following appeal.

CP at 2-4.

The trial court—exercising its discretion, considering all the arguments raised by the parties, and applying then-existing legal principles—denied West Coast's motion.

West Coast moved for reconsideration, changing its tactic. It continued to argue that the law had changed, but it then also pivoted to argue that it need not show a

7

change in the law. Instead, it characterized as the basis for its request that the

judgment was "wrong and obsolete." CP at 16. West Coast argued:

> First, there was a "change of law." . . . *Co[p]per Creek* is a
> "change in the law" from the *Luv* mandate. The *Luv* mandate is not an
> "error of law[.]" . . .
>
> . . . .
>
> Second, "change of law" is not the standard under CR 60. The
> standard is "any other reason justifying relief from the operation of the
> judgment." Change in law is one of many illustrations. Whether you
> call this situation "change in law" or "erroneous mandate[,]" or
> something else, it still falls under CR 60. There is still a wrong and
> obsolete judgment, justifying relief. If this situation doesn't qualify for
> relief under CR 60, what does? This is precisely the type of unfairness
> that is supposed to be addressed by the rule.

CP at 16-17.

On April 25, 2022, once again exercising its discretion, the trial court denied the

motion for reconsideration. CP at 11.

D. West Coast Appealed the Trial Court's Denial of Its CR 60(b)(11) Motion

In an amended notice of appeal, West Coast designated both the trial court's

order denying its CR 60 motion and the trial court's order denying its motion for

reconsideration for appellate review. CP at 1. West Coast could not designate the

final judgment for review because it was too late to allege legal errors. RAP 2.4(c).

In its argument, West Coast noted that at the trial court level, it relied on *Union*

*Bank*, 191 Wn. App. 836, which held that a change in the law allows the trial court to

exercise its discretion to grant a CR 60(b)(11) motion. W. Coast Servicing's Opening

8

Br. at 10 (Wash. Ct. App. No. 83959-4-I (2022)).  Once again recognizing that there had not been a change in the law in this matter, West Coast made the following puzzling statement:

> Change in law was offered for illustrative purposes, only.  Change in law is not the standard under the catchall.

*Id*.

West Coast was correct that a change in the law may allow a trial court to exercise its discretion to grant a CR 60(b)(11) motion.  However, even then, those circumstances are rare.  *See, e.g.*, *In re Marriage of Flannagan*, 42 Wn. App. 214, 221-22, 709 P.2d 1247 (1985) (change in federal law pertaining to dividing military retirement pay constituted extraordinary circumstances).  In addition, even where there has been a change in the law, the trial court maintains the discretion to determine whether the change in the law warrants granting relief under CR 60(b)(11).

Contradicting West Coast's argument that the judgment is simply "wrong" and thus relief under CR 60(b)(11) is merited, *Union Bank* recognized that the trial court does not have the discretion to grant a CR 60(b)(11) motion to correct an error of law.

> CR 60(b) authorizes a trial court to relieve a party from judgment in specified circumstances.  These circumstances do not include a trial court committing an error of law. *Shum v. Dep't of Labor & Indus.*, 63 Wn. App. 405, 408, 819 P.2d 399 (1991).  Errors of law may not be corrected by a CR 60 motion; rather, they must be raised on appeal. *Shum,* 63 Wn. App. at 408.

*Union Bank*, 191 Wn. App. at 843.

The Court of Appeals ruled against West Coast and held that the trial court did

not abuse its discretion in denying West Coast's CR 60(b)(11) motion. The Court of

Appeals properly analyzed the issues presented in the appeal.

> CR 60(b) permits a trial court to vacate a final judgment, order, or
> proceeding. The rule sets forth 10 specific bases for vacation, CR
> 60(b)(1) to (10), and one catchall provision, CR 60(b)(11). WCS [West
> Coast Servicing] relies on CR 60(b)(11), the catchall provision, which
> allows a court to relieve a party from a final judgment or order for "[a]ny
> . . . reason justifying relief from the operation of the judgment." CR
> 60(b)(11) is "intended to serve the ends of justice in extreme, unexpected
> situations and when no other subsection of CR 60(b) applies." Shandola
> v. Henry, 198 Wn. App. 889, 895, 396 P.3d 395 (2017). Courts should
> apply CR 60(b)(11) "sparingly to situations 'involving extraordinary
> circumstances not covered by any other section of the rules.'" In re
> Marriage of Knutson, 114 Wn. App. 866, 872-73, 60 P.3d 681 (2003)
> (internal quotation marks omitted) (quoting In re Marriage of Irwin, 64
> Wn. App. 38, 63, 822 P.2d 797 (1992)).

> . . . .

> WCS contends the trial court abused its discretion when it denied
> its motion to vacate based on the subsequent published decision in
> Copper Creek. As below, WCS asserts that our decision in Luv
> resolving its prior appeal is "obsolete and wrong," and that the "law
> favors correct legal decisions" and "treating similarly situated parties
> equally." But WCS's claim that the underlying decision by the trial
> court and the affirmance by this court are legally incorrect does not
> advance its argument that the trial court was required to vacate the trial
> court's order. It is well settled that errors of law do not constitute
> extraordinary circumstances correctable through CR 60(b)(11). Shum v.
> Dep't of Labor & Indus., 63 Wn. App. 405, 408, 819 P.2d 399 (1991)
> (abuse of discretion to grant CR 60(b)(11) motion based on claim of
> error in denial of prejudgment interest on widow's pension); In re
> Marriage of Tang, 57 Wn. App. 648, 654, 789 P.2d 118 (1990) (abuse of
> discretion to grant CR 60(b) motion to vacate dissolution decree based
> on legal errors in the original decree). Indeed, for at least a century, our
> courts have adhered to specified limits on the authority to vacate
> under CR 60(b):

> "The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings.  It is not intended to be used as a means for the court to review or revise its own final judgments, <u>or to correct any errors of law into which it may have fallen</u>.  That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion."

<u>In re Est. of Jones</u>, 116 Wash. 424, 428, 199 P. 734 (1921) (emphasis added) (quoting 1 HENRY CAMPBELL BLACK, A TREATISE ON THE LAW OF JUDGMENTS § 329, at 506 (2d ed. 1902)) . . . .

. . . .

WCS argues that this court should issue a "corrective opinion," that we should dismiss [Mr.] Luv's quiet title complaint, and that we are not bound to apply the law of the case as set forth in our prior decision on appeal.  <u>See</u> RAP 2.5(c)(2) (outlining circumstances when it may be appropriate to review the propriety of a prior appellate decision when the same case is before the appellate court on remand).  But this case is not before us on remand; it is before us on review of the trial court's ruling on WCS's post-judgment CR 60(b) motion.  And, as explained above, the scope of our review does not include the merits of the underlying judgment, including any legal error, absent a change in the law.  <u>See</u> <u>Bjurstrom</u>[v. Campbell], 27 Wn. App. [449,] 450-51[, 618 P.2d 533 (1980)].

*W. Coast Servicing, Inc. v. Luv*, No. 83959-4-I, slip. op. at 4-6, 11 (Wash. Ct.

App. Nov. 28, 2022) (unpublished) (*Luv* II) (footnote omitted),

[https://perma.cc/DZZ2-436W].

11

    E.  <u>West Coast Petitioned This Court for Review of the Court of Appeals'
Ruling That the Trial Court Did Not Abuse Its Discretion in Denying West
Coast's CR 60(b)(11) Motion</u>

Without discussing the merits, West Coast sought review of the Court of

Appeals' decision that the trial court did not abuse its discretion in denying West

Coast's CR 60(b)(11) motion.  We initially stayed our consideration of West Coast's

petition for review pending our decision in *Copper Creek*.  Order, No. 101505-4

(Wash. Mar. 8, 2023).  The court's *Copper Creek* decision noted the decision in West

Coast's prior appeal was wrong, not that the law changed.  *Copper Creek (Marysville)*

*Homeowners Ass'n v. Kurtz*, 1 Wn.3d 711, 718, 532 P.3d 601 (2023).

After we had decided *Copper Creek*, we granted West Coast's petition for

review and remanded the case to the Court of Appeals "for reconsideration in light of

Supreme Court No. 100918-6 – *Copper Creek*, __ Wn.3d __, 532 P.3d 601 (2023)."

Order, No. 101505-4 (Wash. Oct. 3, 2023); *see also W. Coast Servicing, Inc. v. Luv*, 1

Wn.3d 1033 (2023).

    F.  <u>The Court of Appeals, on Remand, Affirmed the Trial Court's Discretionary
Ruling Denying West Coast's Motion for Relief Under CR 60(b)(11)</u>

The Court of Appeals, on remand, took our direction seriously and reconsidered

its prior decision that the trial court did not abuse its discretion in denying West

Coast's CR 60(b)(11) motion.

      "The finality of judgments is an important value of the legal
system," and "CR 60 is the mechanism to guide the balancing between
finality and fairness."  <u>Suburban Janitorial Servs. v. Clarke Am.</u>, 72 Wn.
App. 302, 313, 863 P.2d 1377 (1993).  While we previously set out the

12

applicable CR 60(b) standards in our prior opinion, we reiterate that CR 60(b)(11), the catchall provision on which WSC relies, is "intended to serve the ends of justice in extreme, unexpected situations and when no other subsection of CR 60(b) applies." Shandola v. Henry, 198 Wn. App. 889, 895, 396 P.3d 395 (2017). See also Shum v. Dep't of Labor & Indus., 63 Wn. App. 405, 408, 819 P.2d 399 (1991) (CR 60(b)(11) motions are "confined to situations involving extraordinary circumstances not covered by any other section of CR 60(b)"). "Errors of law may not be corrected by a motion pursuant to CR 60(b), but must be raised on appeal." In re Marriage of Tang, 57 Wn. App. 648, 654, 789 P.2d 118 (1990) (citing Burlingame v. Consolidated Mines & Smelting Co., 106 Wn.2d 328, 336, 722 P.2d 67 (1986)).

The decision to grant or deny a motion to vacate a judgment under CR 60(b) is within the trial court's discretion. Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013). We review CR 60(b) orders for abuse of discretion, and a trial court abuses its discretion when its decision is based on untenable grounds or is made for untenable reasons. Shandola, 198 Wn. App. at 896.

In its initial briefing in this appeal, WSC argued that this court's decision in Copper Creek constituted a change in the law, rather than an error in the law. We disagreed and affirmed the trial court's denial of the CR 60(b)(11) motion to vacate, holding that Copper Creek was not a change in the law justifying relief. WSC argues in supplemental briefing that the Supreme Court's decision in Copper Creek "rejected the rule[] relied-upon by the superior court." WSC makes no additional argument regarding CR 60(b)(11), and, indeed, does not even cite to it. Nevertheless, in keeping with our charge on remand, we will reconsider our prior decision in light of the Supreme Court's decision in Copper Creek.

. . . .

The recent decisions affirming our holding in Copper Creek do not change our analysis of the trial court's resolution of WSC's CR 60(b) motion or lead us to conclude that the trial court abused its discretion. The identified basis for the motion was our decision in Luv, which relied on Edmundson. This is a legal error that is not correctable by a CR 60(b)(11) motion.

*Luv v. W. Coast Servicing Inc.*, No. 103031-2
(Mungia, J., dissenting)

*Luv v. W. Coast Servicing, Inc.*, No. 83959-4-I, slip. op. at 4-6, 8 (Wash. Ct. App.

Apr. 1, 2024) (unpublished) (*Luv* III) (footnote omitted),

https://www.courts.wa.gov/opinions/pdf/839594.pdf.[3]  We granted review.  *Luv v.*

*West Coast Servicing, Inc.*, 3 Wn.3d 1012, 554 P.3d 1228 (2024).


II
THE COURT OF APPEALS CORRECTLY RULED THAT NOTHING CHANGED IN ANALYZING
WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING WEST COAST'S
CR 60(b)(11) MOTION

West Coast sought review again.  In West Coast's petition for review, it argued:

"The present proceedings involve substantive law – correct application of the statute of

limitations.  CR 60 is not at-issue."  Pet. for Sup. Ct. Rev. at 6.  That is incorrect.  At

this stage in the collateral proceedings, the only issue before this court is whether the

trial court abused its discretion in denying West Coast's CR 60(b)(11) motion.

In our remand order to the Court of Appeals, we did not, and could not, direct it

to reconsider its first decision in this case on direct review.  Earlier on in this litigation

we had that chance, and we elected not to take advantage of that opportunity.  Instead,

in our remand order, we directed the Court of Appeals to reconsider only its earlier

conclusion that the trial court did not abuse its discretion in denying West Coast's CR

60(b)(11) motion.  Our decision in *Copper Creek*, as the Court of Appeals rightly

---

[3] Pursuant to RAP 2.5(c), the Court of Appeals also considered whether justice would best be
served by reconsidering its initial ruling in its third decision on remand.  *Luv* III,
No. 83959-4-I, slip op. at 6 n.4.  It did not change its ruling.

14

concluded, did not change the analysis as to whether the trial court abused its

discretion.

By its ruling today, the lead opinion is changing the standards for when a trial

court may exercise its discretion under CR 60(b)(11). But those were not the standards

that existed at the time the trial court denied West Coast's CR 60(b)(11) motion.

Instead, as we have held for well over 100 years, an alleged error of law may be

considered only on direct review—an alleged error of law cannot be the basis for

collateral vacation of a judgment. *E.g.*, *In re Est. of Jones*, 116 Wash. at 428 (alleged

error of law is a basis for direct appeal but not a basis to collaterally vacate a

judgment); *see also Bjurstrom*, 27 Wn. App. at 450-51 (appellate review of a denial of

a motion to vacate does not consider whether there are underlying errors of law in the

judgment). If a final judgment has been appealed and affirmed, the trial court loses

jurisdiction to vacate the final judgment for an alleged error of law. *See Kath v.

Brown*, 53 Wash. 480, 482-83, 102 P. 424 (1909).

The lead opinion found that the trial court abused its discretion because it failed

to consider that a "divisional split" in the Court of Appeals is an extraordinary,

compelling circumstance. Lead opinion at 8. But there is nothing unusual, much less

extraordinary, about jurists disagreeing over the interpretation or the application of the

law. This is especially true in light of our rejection of horizontal stare decisis. *In re

Pers. Restraint of Arnold,* 190 Wn.2d 136, 138, 410 P.3d 1133 (2018). Moreover,

even if the lead opinion's new standard of legal error, plus differences within the Court

of Appeals, were to be applied here, and potentially retroactively (which I am

confident the lead opinion is not intending to do), that would still not allow this court

to hold that the trial court applied the then-existing law incorrectly in an arbitrary

manner.  Instead, the correct relief, even under the lead opinion's holding, is to remand

to the trial court to exercise its discretion under the newly announced standard.  The

lead opinion should not substitute its judgment for that of the trial court.

By the lead opinion's decision, from here on out, a litigant can attempt to have a

second bite at the apple if they allege legal error based on a subsequent judicial

interpretation.  Determining whether the subsequent judicial interpretation is enough to

grant relief simply adds to the discretionary leeway the trial court has—it does not

narrow its discretion.

III
### THE LEAD OPINION IS EXPANDING THE SCOPE OF DISCRETION FOR TRIAL COURTS WHEN CONSIDERING CR 60(b)(11) MOTIONS

As noted above, this court has had the long-standing rule that a party cannot

seek relief under CR 60(b)(11) for alleged errors of law.  That restriction made, and

makes, sense.  Litigants have the right of one appellate review to correct errors of law.

While we could have a legal system where, in order to ensure that legal errors are

corrected, parties had the right to multiple appellate reviews, judicial resources are

limited.  In addition, there has to be some finality to litigation.  If we allow litigants

multiple chances to correct alleged legal errors, then the already long path to the end of litigation will become even longer.

Under the lead opinion's holding, the restriction on CR 60(b)(11) relief is lifted and parties can now seek relief where there has been an alleged error of law based on a subsequent judicial interpretation. Lead opinion at 7. This is a major expansion of, and deviation from, our prior holdings. It is not, as the lead opinion attempts to portray, a logical extension of our prior holdings.

The lead opinion cites *Union Bank*, 191 Wn. App. at 847-48, to support its assertion that legal error based on a subsequent judicial interpretation must be considered when a trial court exercises its discretion to provide CR 60(b)(11) relief. Lead opinion at 7-8. The lead opinion is incorrect—that was not the holding, or the rationale, of *Union Bank*. Instead, in *Union Bank*, 18 days after the trial court entered judgment, the Court of Appeals issued a decision that created a conflict in the controlling law on which the trial court had entered judgment, thereby giving the trial court discretion where it had none. 191 Wn. App. at 847-48. The trial court granted a CR 60(b)(11) motion, and the appellants in *Union Bank* argued that the trial court did not have the discretion to grant the motion on the basis of an error of law. The Court of Appeals agreed with that assertion but held that this involved a change of the law, not an error in the application of the law.

> Third, Appellants argue that a trial court cannot vacate a judgment based on an error of law. They are correct on this point. Errors of law cannot form the basis for a successful CR 60 motion; they must be raised

17

> on appeal. *Shum,* 63 Wn. App. at 408. Here, however, a new
> pronouncement on the law constituted the trial court's basis for vacating
> the judgment.

*Id.*

*Union Bank* does not support the proposition that legal error based on a

subsequent judicial interpretation requires the trial court to exercise its discretion to

grant a CR 60(b)(11) motion. Instead, what weighed in favor of the trial court's

exercise of discretion was the fact that the Court of Appeals' new decision changing

the law was rendered before the time had expired for taking a direct review and thus

the interest of finality did not come into play. *Id*. at 847.

The other case the lead opinion relies on to support its expansion of the scope of

CR 60(b)(11) is *Kingery v. Department of Labor & Industries*, 132 Wn.2d 162, 937

P.2d 565 (1997) (plurality opinion). The lead opinion uses *Kingery* as an example for

why it believes "West Coast's immediate action after the publication of the conflicting

decision is significant." Lead opinion at 9. In that case, after Willard Kingery died at

work, there was a dispute related to workers' compensation benefits. He was found at

the work site with massive head, neck, and chest injuries. *Id*. at 165. He was survived

by his wife, Marie Kingery. An autopsy was performed that concluded that the cause

of death was a heart attack. Ms. Kingery made a claim for widow's benefits with the

Department of Labor and Industries (Department). The Department rejected the claim

because Mr. Kingery's death was due to natural causes, not an industrial injury. *Id*. at

165-66. Ms. Kingery moved for reconsideration. The Department denied the motion.

The order denying the motion informed Ms. Kingery that she had 60 days to appeal the

order. *Id*. at 166. Ms. Kingery did not appeal the order.

Eight years later Ms. Kingery reapplied for widow's benefits. *Id*. at 167. The

Department denied the request, citing the lack of jurisdiction because reconsideration

of the original denial was not timely. *Id*. Ms. Kingery appealed to the Board of

Industrial Insurance Appeals (Board). *Id*. The Board affirmed the denial because the

appeal of the original denial was not timely. *Id*.

Ms. Kingery then appealed to the Grays Harbor County Superior Court, seeking

relief under both CR 60(b)(11) and CR 60(c). *Id*. at 168. The trial court granted

Ms. Kingery's motion. *Id*. The Department appealed. *Id*. The Court of Appeals

reversed the trial court. *Id*. Our court accepted review and affirmed in a plurality

opinion.[4]

The plurality's lead opinion focused on Ms. Kingery's failure to timely appeal

the original denial to the Board. It noted that neither the Board nor the courts have the

authority to reverse a final order of the Department that has not been timely appealed.

*Id*. at 171.

The plurality's lead opinion stated that if Ms. Kingery had timely appealed to

the Board, because the Civil Rules apply to the Board, she could have sought CR 60

---

[4] Justice Madsen agreed with the four-justice lead opinion that Ms. Kingery failed to
diligently pursue her rights, but agreed with the four-justice dissent that the court's equitable
powers are not limited to cases where it is shown that the claimant is essentially incompetent.
*Kingery*, 132 Wn.2d at 178 (Madsen, J., concurring in the lead opinion).

relief "subject to the usual requirements of CR 60." *Id.* at 172. We did not state, or

imply in any manner, that a prompt appeal, motion for reconsideration, or filing of a

CR 60 motion could be a factor that the trial court (there, the Board) could consider in

determining whether to exercise its discretion to grant a CR 60(b)(11) motion. A

party's diligence does not transform an alleged legal error based on a subsequent

judicial interpretation into an extraordinary, compelling circumstance.

In short, none of the cases cited by the lead opinion support the proposition that

an alleged legal error based on a subsequent judicial interpretation is sufficient to allow

a trial court to exercise its discretion to grant a CR 60(b)(11) motion.

IV
CHANGE IN THE LAW

If a final judgment has been appealed and affirmed, the trial court no longer has

jurisdiction to vacate the final judgment for an alleged error of law. A change in the

law, however, has been a basis on which a trial court may, but need not, grant relief

under CR 60(b)(11). The lead opinion, midway through its opinion, is apparently

arguing that this appeal involves a change in the law:

> According to *Union Bank*'s holding that a change in law occurs when
> Court of Appeals decisions conflict, *Copper Creek* I can be characterized
> as a change in law because it conflicts with the *Luv* I holding. Therefore,
> the reliance on *Union Bank* to preclude application of CR 60(b)(11) is
> unpersuasive.

Lead opinion at 9.

20

If the lead opinion is holding that *Copper Creek* was a change in the law, then it should reverse the Court of Appeals and remand to the trial court for that court to exercise its discretion under CR 60(b)(11) as to whether relief from the judgment should be granted. If the lead opinion took such a course, then at least it would be following precedent and keep intact the principles so important to CR 60(b)(11).

## V
### CONCLUSION

Fundamentally, West Coast was seeking, and continues to seek, relief based on an error of law. Our legal process requires that a challenge to a legal ruling be brought on direct appeal—that is the opportunity to correct legal errors. Our legal process, at least until now, has not allowed a party to challenge a legal ruling through a collateral attack under CR 60(b)(11). Instead, up until now, we have been steadfast in making sure that boundary was not breached. And for good reason.

First, judicial resources are limited. While there could be a legal structure where parties are given multiple chances to argue that the trial court made a wrong legal ruling, such a system would require more legal resources. One direct appeal from final judgment is the process that we have historically maintained. That process is a prudent one.

Second, parties' resources are limited. Litigation is already expensive. By expanding the number of opportunities to address alleged legal errors, attorneys will be obligated to inform their clients of this option and undoubtedly there will be clients

who direct their attorneys to take that chance, increasing not only their legal fees but the legal fees of opposing parties.

Third, finality for a dispute needs to be a consideration. Already under our system, a prevailing party may have to wait years before a judgment can no longer be challenged. This case is a prime example. Mr. Luv's judgment was entered on September 25, 2020. CP at 41. We denied West Coast's petition for review on January 5, 2022. Normally, after our court denies a petition for review, the prevailing party would have a high degree of confidence that their judgment is secure. That was not the case here. It has now been approximately five years since Mr. Luv was first granted judgment in his favor in this matter. While this was likely an exceptionally long delay from final judgment, such delays will become less exceptional in the future under the lead opinion's ruling.

I do not find expanding the scope of CR 60(b)(11) to be prudent, wise, or merited.

Moreover, even with this rule change (and let there be no misunderstanding, the lead opinion is changing the rule), the Court of Appeals correctly found that the trial court did not abuse its discretion in denying West Coast's CR 60(b)(11) motion. This is true for two reasons.

First, the lead opinion is expanding the scope of CR 60(b)(11)—this was not the scope when the trial court ruled on the motion. As much as the lead opinion is attempting to state that its holding has always been the rule, that is not the case. The

22

lead opinion cannot explain its holding as anything other than a new rule without ignoring the long-standing holding that a party cannot seek relief under CR 60(b)(11) based on an allegation that the trial court committed legal error. Our precedent precluded the trial court from exercising its discretion to grant relief for an error of law under CR 60(b)(11). Under the then-existing legal principles, the trial court was certainly within the scope of exercising its discretion when it denied West Coast's motion. Indeed, the trial court would have abused its discretion, under the then-existing legal principles, if it had granted the motion because the basis of the motion was legal error.

Second, even under the newly expanded scope of CR 60(b)(11), it would be within the trial court's discretion to grant or deny West Coast's motion. The only way the lead opinion can achieve its desired result is to hold that as a matter of law, a trial court abuses its discretion if a party can show an error of law plus something else. That cannot be, even under the lead opinion's new view, the holding of this case. Even if the lead opinion is taking the position that the standard it is announcing in this case has always been the rule, it would still need to remand this case to the trial court with direction to apply the legal standard based on a subsequent judicial interpretation. CR 60(b)(11) gives the trial court the discretion to grant or deny relief. CR 60(b)(11) does not give that discretion to this court.

I would affirm the Court of Appeals' ruling that the trial court did not abuse its discretion, and thus I respectfully dissent.

_____
Mungia, J.

_____
Stephens, C.J.

_____
González, J.

_____
Montoya-Lewis, J.